Doris P. **SAMOLUK** and John H. Samoluk, Sr., Plaintiffs,

v.

**BASCO, INC.**, a Delaware corporation, and Best Products Co., Inc., a Delaware corporation, Defendants and Third-Party Plaintiffs,

v.

**DALTON CONSTRUCTION COMPANY, INC.**, a foreign corporation doing business in the State of Delaware, and New Jersey Automatic Door, Inc., a foreign corporation doing business in the State of Delaware, Third-Party Defendants.

Superior Court of Delaware,
New Castle County.

Submitted: May 12, 1987.
Decided: May 25, 1987.

John M. Willard, Wilmington, for plaintiffs.

Stephen P. Casarino, Tybout, Redfearn, Casarino & Pell, for defendants and third-party plaintiffs.

TAYLOR, Judge.

Defendants seek to amend their answer to assert statute of limitations. This is a claim for personal injury to plaintiff which occurred while plaintiff was exiting the store of defendant Basco, Inc. Suit was filed November 22, 1985. The answer which defendants originally filed did not assert statute of limitations because the complaint alleged that the accident occurred on November 23, 1983, which date was within the two-year statute of limitations. Subsequent discovery, based on plaintiff's testimony, developed the fact that the accident occurred no later than November 16, 1983. Defendants seek to raise the statute of limitations issue on the ground that their earlier answer had relied on the allegations of plaintiffs' complaint and that they did not become aware of a statute of limitations problem until after the discovery.

Plaintiffs contend that defendants have waived the statute of limitations defense. Plaintiffs contend that defendants were put on notice of this accident and that by virtue of that informal notice, defendants are barred by 18 *Del.C.* § 3914 from asserting the defense of statute of limitations. Defendants assert that 18 *Del.C.* § 3914 is not applicable.

18 *Del.C.* § 3914 provides:

An insurer shall be required during the pendency of any claim received pursuant to a casualty insurance policy to give prompt and timely written notice to claimant informing him of the applicable state statute of limitations regarding action for his damages.

This provision, by its terms, applies to a claim received by an insurer pursuant to a casualty insurance policy. The object of such a statutory provision is to require that an insurer, under a casualty insurance policy which has received a claim, must notify the claimant of the applicable statute of limitations in order that the insurer can assert statute of limitations against the claimant. The term "casualty insurance" is defined in 18 *Del.C.* § 906 to include a breadth of coverages, including "insurance against legal liability for the death, injury or disability of any human being". It would appear that the statute, therefore, does apply to a claim under a liability insurance policy. It does not confine the statutory requirement to claims made by an insured. Therefore, if a claim was presented to the insurer, the insurer had the obligation to notify the claimant of the applicable statute of limitations and, in the absence of such notification, the insurer and its insured would be barred from asserting the statute of limitations against the claimant. A fact issue appears to exist with respect to any notice that plaintiff may have given to defendant Basco and a legal issue as to whether its insurer was chargeable with that notice.

Upon the presentation made, the Court cannot determine that the defense under which defendants seek to assert is or is not barred by 18 *Del.C.* § 3914. Ordinarily, amendment of a pleading should be permitted freely without passing upon the issues raised by the amendment. *Superior Court Civil Rule* 15(a). Accordingly, defendants will be permitted to amend their answer in the manner proposed by their motion and the parties may develop the pertinent facts on the subjects discussed herein for resolution on subsequent motion or at trial.