**Martha P. LANKFORD, Plaintiff Below, Appellant,**

v.

**Sterling H. RICHTER, Agnes E. Gawronski, and State Farm Mutual Automobile Insurance Company, Defendants Below, Appellees.**

Supreme Court of Delaware.

Submitted: Jan. 16, 1990.

Decided: Feb. 6, 1990.

Rehearing Denied Feb. 28, 1990.

Bayard J. Snyder (argued) of Phillips & Snyder, P.A., Wilmington for appellant.

Joanne B. Wills (argued) of Morris, James, Hitchens & Williams, Wilmington, for appellee Sterling H. Richter.

Colin M. Shalk (argued) of Casarino, Christman & Shalk, Wilmington, for appellee State Farm Mut. Auto. Ins. Co.

Before HORSEY, WALSH and HOLLAND, JJ.

HORSEY, Justice:

On May 13, 1982, the Governor signed into law a bill passed by the General Assembly, providing:

> An insurer shall be required during the pendency of any claim received pursuant to a casualty insurance policy to give prompt and timely written notice to claimant informing him of the applicable

state statute of limitations regarding action for his damages.

63 *Del.Laws*, c. 236; 18 *Del.C.* § 3914. The Act's heading stated that it was intended "to require insurers to inform their claimant, in writing, of the applicable statute of limitations period." The law did not become effective until one year after its enactment, May 13, 1983.

Five months later, on October 12, 1983, the plaintiff, Martha P. Lankford, was injured in Delaware in a multiple vehicle "chain" collision on a rainy day. The following day, Lankford reported the accident and her injury to her insurance carrier, State Farm Mutual Automobile Insurance Company ("State Farm"). Two days later, Lankford completed and returned State Farm's application for benefits. In addition to personal injury protection benefits not in dispute, she sought uninsured motorist coverage benefits.

In a letter response to Lankford, State Farm denied Lankford's claim for uninsured motorist benefits asserting as a ground for denial her contributory negligence.[1] State Farm's letter failed to inform Lankford of the applicable statute of limitations period controlling her claim for uninsured motorist coverage benefits, contrary to section 3914. Nor did State Farm thereafter, in later correspondence with Lankford, comply with section 3914.

On October 8, 1985 Lankford filed a personal injury negligence suit in Superior Court against both Richter and Gawronski. In 1987, Superior Court entered a default judgment against Gawronski, subject to an inquisition for damages. The following day Lankford amended her complaint to assert against State Farm a claim for recovery of uninsured motorist benefits.

Two years later Superior Court dismissed Lankford's claim and granted State Farm summary judgment. The court ruled that Lankford's claim against her carrier for uninsured motorist benefits was time barred under 10 *Del.C.* § 8106 and *Allstate Insurance Co. v. Spinelli*, Del.Supr., 443 A.2d 1286 (1982). Lankford's then attorney did not oppose the motion. However, neither the trial judge nor the parties or counsel considered section 3914 and its tolling effect upon section 8106 as applied by *Spinelli*. Section 3914 was enacted eight months after this Court's issuance of *Spinelli*.

Lankford then proceeded to trial against Richter on both liability and damages and against Gawronski on damages alone. At the close of the evidence, the court denied Lankford's motion for a directed verdict against defendant Richter and in favor of Lankford. The jury returned a verdict in favor of the defendant Richter.

Lankford appeals the Superior Court's: (1) grant of summary judgment in favor of State Farm; and (2) denial of plaintiff's motion for directed verdict.

I.

■ We agree with Lankford that the trial court erred as a matter of law in granting State Farm summary judgment. Section 3914 must be construed as intended to preclude an insurer from invoking the three-year time limitation of *Spinelli* where the insurer fails to comply with the timely notice mandate of section 3914. State Farm implicitly concedes its failure to comply with section 3914, but seeks to avoid the statute's application on grounds of waiver. State Farm argues that because Lankford did not oppose State Farm's motion for summary judgment, Supreme Court Rule 8 bars her reliance on appeal on section 3914, in the absence of "interests of justice."

We conclude that the error of the court below in failing to apply section 3914 constitutes plain and fundamental error. Section 3914 must be recognized as an expression of legislative will to toll otherwise applicable time limitations upon an in-

---

**1.** The police had determined Agnes Gawronski to have been solely responsible for the five-car collision. Gawronski, the operator of the lead car, had slammed on her brakes without warning after her estranged husband had forced the car's transmission into neutral. Lankford, driving the fifth car behind Gawronski, ran into the back of a van in front of her. Immediately thereafter Lankford's vehicle was struck from the rear by defendant Richter's car.

sured's claims for damages made upon a casualty insurer. State Farm's failure to comply with section 3914 bars State Farm from raising the limitation ruling of *Spinelli* as a defense to Lankford's claim for uninsured motorist benefits. Superior Court erred as a matter of law in granting summary judgment for State Farm. Therefore, we must reverse and remand to Superior Court with direction to withdraw the judgment for State Farm and to apply section 3914 to the controlling facts should State Farm renew its motion for summary judgment.

## II.

Plaintiff next contends that the court erred in refusing to grant plaintiff's motion for directed verdict on the question of Richter's negligence. Plaintiff argues that Richter's negligence should be inferred as a result of his violation of the motor vehicle statute. We disagree. The ultimate issue presented to the jury was one of proximate cause, with evidence of emergency and unavoidable accident. Such questions of fact are quite properly left to the jury to decide. *See generally Eustice v. Rupert*, Del.Supr., 460 A.2d 507 (1983); *Caine v. New Castle County*, Del.Supr., 379 A.2d 1112 (1977) (issues of negligence are not generally susceptible to summary judgment). Moreover, the record contains sufficient evidence to support a finding that defendant Richter was not negligent. Therefore, the court did not err in refusing to grant plaintiff's motion for directed verdict and we affirm the lower court's ruling.

\* \* \*

Affirmed in part; Reversed in part; and Remanded.