**The STOP & SHOP COMPANIES, INC.,
a foreign corporation, Defendant
Below, Appellant,**

v.

**Suzanne Quinlan GONZALES,
Plaintiff Below, Appellee.**

Supreme Court of Delaware.

Submitted: Dec. 15, 1992.
Decided: Jan. 11, 1993.

Stephen P. Casarino (argued), and Judith R. Reese, Casarino, Christman & Shalk, Wilmington, for appellant.

John J. O'Brien (argued), Wilmington, for appellee.

Before VEASEY, C.J., MOORE and WALSH, JJ.

WALSH, Justice:

In this interlocutory appeal, we granted review of a Superior Court ruling that a self-insurer is required, under 18 *Del.C.* § 3914, to give notice of the statute of limitations to a third-party claimant. We conclude that the notice requirement is

clearly within the contemplation of the statute and, accordingly, affirm.

## I

The factual basis for the Superior Court's decision was essentially undisputed. The plaintiff-appellee, Suzanne Quinlan Gonzales ("plaintiff"), filed her complaint in the Superior Court on December 14, 1990, seeking recovery for personal injuries sustained in a fall at the Bradlees Department Store ("Bradlees") on June 27, 1986. At the time of her fall, plaintiff was an employee of Glemby International ("Glemby"), which operated a beauty shop on the department store premises. "Bradlees" was a trade name of an inactive subsidiary of Stop & Shop Companies, Inc. ("Stop & Shop"), the lessee of the premises.

On April 9, 1987, plaintiff's attorney notified Bradlees of plaintiff's claim arising from her fall and requested that the letter be forwarded "to your insurance company" for further action. Two months later, on June 9, 1987, plaintiff's attorney received an acknowledgement of his letter from "The Stop & Shop Companies, Inc." through Ms. Karen Arsenault who titled herself "Corporate Insurance Representative." Ms. Arsenault wrote that the April 9 letter was "referred" to Glemby and recommended that further correspondence be forwarded to a designated individual in New York.

Apparently, no further contact occurred between plaintiff and Stop & Shop or Glemby's and on June 24, 1988, plaintiff filed suit against "Bradlees Incorporated," three days before the two year statute of limitations expired. *Suzanne Quinlan Gonzales v. Bradlees, Incorporated,* Del.Super., C.A. No. 88C–JN–184–1–CV, 1988 WL 130405 ("*Gonzales* I"). Service of this complaint was acknowledged on behalf of Stop & Shop by its Corporate Insurance Manager on July 21, 1988 when he forwarded the summons and complaint to Glemby with the request that an answer be filed and the matter handled "to a conclusion."

Bradlees responded to the complaint in *Gonzales* I by filing an answer, which denied that Bradlees had any ownership interest in or control of the premises where plaintiff fell. The answer further recited that Stop & Shop controlled the premises. Faced with a motion to dismiss, plaintiff sought to amend her complaint to add Stop & Shop as a defendant. This effort was rejected by the Superior Court which ruled that Stop & Shop had received no notice of the institution of the action within two years of the accident, despite the communication between Bradlees and Stop & Shop. Thereafter, plaintiff commenced the present action ("*Gonzales* II"), which Stop & Shop also moved to dismiss on statute of limitations grounds.[1]

In denying Stop & Shop's motion to dismiss, the Superior Court ruled that Stop & Shop was precluded from asserting the defense of the statute of limitations because it had failed to provide "prompt and timely written notice" to claimant of the applicable statute of limitations as required by 18 *Del.C.* § 3914.[2] The Superior Court ulti-

---

1. In paragraph 8 of its motion to dismiss, Stop and Shop made the following representations:

    8. The accident in question occurred on June 27, 1986 (Complaint 3). Bradlees, Inc. was not notified of the claim until it received notice of the lawsuit sometime after July 7, 1988, more than two years after the running of the Statute of Limitations (Answe (sic) to Interrogatory 4). Stop and Shop did not receive notice of the incident until sometime after July 7, 1988. (Answer to Interrogatory 6).

    These representations are incorrect and materially misleading. As previously noted, the record contains correspondence between plaintiff's attorney and Stop & Shop's insurance representative acknowledging receipt of notice of the claim directed to Bradlees on June 9, 1987 and the forwarding of that claim for further handling. Moreover, in *Gonzales* II, Stop & Shop did not acknowledge the existence of the 1987 correspondence in its response to discovery directed to such documentation. At oral argument counsel for Stop & Shop provided no satisfactory explanation for this failure.

2. **§ 3914. Notice of statute of limitations required.**

    An insurer shall be required during the pendency of any claim received pursuant to a casualty insurance policy to give prompt and timely written notice to claimant informing him of the applicable state statute of limitations regarding action for his damages.

mately certified its interlocutory ruling to this Court pursuant to Supr.Ct.Rule 41 and review was granted.

## II

■ The Superior Court's decision, rejecting Stop & Shop's statute of limitations defense, constitutes a ruling of law subject to *de novo* review in this Court. *Lankford v. Richter*, Del.Supr., 570 A.2d 1148 (1990). Our task, therefore, is to determine whether the Superior Court correctly determined that Stop & Shop was statutorily required to provide notice to plaintiff of the applicable statute of limitations.

Stop & Shop advances a three-pronged argument in support of its appeal. It first contends that 18 *Del.C.* § 3914, by its terms, applies to an "insurer" and, thus, does not regulate the activities of self-insurers. Even if it might be deemed an insurer within the meaning of the statute, Stop & Shop argues that it was not obligated to provide notice of the statute of limitations to a third-party claimant. Finally, Stop & Shop argues that it never received actual notice of plaintiff's claim and, thus, the statutory notice requirement was not triggered.

The Superior Court declined to rule upon Stop & Shop's contention that as a self-insurer it was not subject to the notice requirement of § 3914. The court concluded that Stop & Shop was a second insured on the Glemby policy (subject to its self-insurance deductible); and, thus, it had a separate obligation to provide notice of the statute of limitations. While we reach the same result as the Superior Court, we confront the question directly and hold that there is no rational basis to distinguish between insurers and self-insurers under § 3914.

■ Section 3914 is an "expression of legislative will to toll otherwise applicable time limitations" with respect to claims made against insurers. *Lankford v. Richter*, 570 A.2d at 1149. This tolling is mandated in the absence of affirmative action by the insurer providing written notice to the claimant. 18 *Del.C.* § 3914. Since the statute may be deemed remedial legislation

designed to benefit claimants, we are required to accord to the statute a broad construction to accommodate the legislative will. *J.D.P. v. F.J.H.*, Del.Supr., 399 A.2d 207, 210 (1979). To adopt Stop & Shop's argument that the statute was not intended to apply to claims covered by self-insurance would permit circumvention of the statute since full or partial self-insurance is a common commercial practice. An interpretation yielding such an absurd result must be avoided. *Coastal Barge Corp. v. Coastal Zone Industrial Control Board*, Del.Supr., 492 A.2d 1242, 1246 (1985).

■ Insurance, in its basic operation, involves the setting aside of money to establish a fund sufficient to respond to claims arising from predictable risks. 1 *Couch on Insurance 2d* §§ 1:2–1:3 (1984). Whether the funding be through contract with an independent insurer, or self-funding, or a combination of the two through partial self-insurance in the form of deductibles, the result is the same. A fund is created to protect against risk of bodily harm or property damage. A claimant for whose benefit the fund has been created is a third-party beneficiary and is entitled to the same notice benefit from a self-insurer as that received from an independent insurer. 1 *Couch on Insurance 2d* 1:4.

It is clear from the record in this case that Stop & Shop undertook to engage in the role of an insurer to the extent of self funding its limited liability. Indeed, the response to the initial notice of claim by plaintiff's counsel was from a Stop & Shop employee who designated herself as a "Corporate Insurance Representative" for Stop & Shop Companies, Inc. While Stop & Shop was free to self-insure and to establish an insurance representative to process claims, it also assumed the regulatory limitations of an insurer with the concomitant obligation imposed by § 3914.

## III

■ Stop & Shop's alternative argument that § 3914 is applicable only to claims asserted by an insured against an insurer is also without merit. In effect, Stop &

Shop would substitute the term "insured" in place of the term "claimant" in the statute and so restrict its application to those in a contractual relationship with an insurer.[3]

Stop & Shop's argument is premised on the assumption that § 3914 is ambiguous. To resolve this ambiguity Stop & Shop notes that if the General Assembly had intended § 3914 to benefit claimants generally, not just insureds, the notice requirement would have been inserted in Title 10 of the Delaware Code, where the notice requirement for Personal Injury Protection insurance appears, not in Title 18 which regulates insurers *vis-a-vis* insureds.

We find no ambiguity in § 3914. The fact that the parties may disagree as to the meaning of a statute does not render it ambiguous. *Centaur Partners v. National Intergroup, Inc.*, Del.Supr., 582 A.2d 923, 927 (1990). When construing a statute in which the language "is plain and conveys a clear and definite meaning, the courts will give to the statute the exact meaning conveyed by the language, adding nothing thereto, and taking nothing therefrom." *Federal United Corp. v. Havender*, Del.Supr., 11 A.2d 331, 337 (1940). Further, where the intent of the General Assembly is "clearly reflected by unambiguous language in the statute, the language itself controls." *Spielberg v. State*, Del. Supr., 558 A.2d 291, 293 (1989).

The term "claimant" is commonly understood to mean one who "asserts a right, demand or claim." Black's Law Dictionary 223 (5th ed. 1979). Section 3914's requirement that the notice be given "during the pendency of any claim received" by an insurer cannot be so narrowly construed as to be limited to the claim of an insured if the intent of the statute is to be accommodated. *See Samoluk v. Basco, Inc.*, Del.Super., 528 A.2d 1203 (1987). Stop & Shop's attempt to find support for its limited reading of the statute in this Court's opinion in *Lankford v. Richter, supra,* is

unavailing. Our characterization of § 3914 in *Lankford* as applicable to "an insured's claim for damages made upon a casualty insurer" was merely descriptive of the circumstances in which § 3914 was implicated in that instance. Our reference did not purport to render the term "claimant" coextensive with "insured." In *Lankford* we were not required to construe the term "claimant" as used in § 3914 to determine whether it includes third parties to the insurance contract. As we now construe that term, in a context where the issue is squarely addressed, we conclude that it embraces third-party claimants and is not restricted to the relationship between an insurer and its insured. Nothing in *Lankford* suggests the contrary.

## IV

▮ Finally, Stop & Shop contends that even if it be deemed subject to the notice requirement of § 3914 there is no evidence that it received notice of a claim by plaintiff during the limitations period. It suffices to note that the April 9, 1987 letter to Bradlees from plaintiff's attorney clearly expresses notice of a claim for personal injuries and requests that it be referred to "your insurance carrier." The letter was answered, not by Bradlees, but by Stop & Shop through its insurance representative. Since Stop & Shop concedes that it was at that time a self-insurer, in part at least, the obligation of the statute could not be clearer. Stop & Shop's reply to the effect that the matter was being referred for further handling to Glemby, is an indication that it was under no uncertainty that it had been confronted with a claim for personal injuries. Stop & Shop clearly had notice of plaintiff's claim within the period of limitations and was *required* to give the notice required by § 3914.

## V

The Superior Court correctly determined that Stop & Shop was subject to the notice

---

**3.** The term "claimant" also appears in the title of § 3914 as originally adopted:

"AN ACT TO AMEND TITLE 18 OF THE DELAWARE CODE TO REQUIRE INSURERS TO INFORM THEIR CLAIMANT, IN WRITING, OF THE APPLICABLE STATUTE OF LIMITATIONS PERIOD."
*63 Del.Laws* c. 236.

requirement of § 3914 and that its failure to afford plaintiff the required notice served to toll the period of limitations. Accordingly, the judgment of the Superior Court must be affirmed.