Gloria M. BROWN, Claimant
below, Appellant,

v.

STATE of Delaware, Employer
Below, Appellee.

No. 521,2005.

Supreme Court of Delaware.

Submitted: Jan. 10, 2006.

Decided: May 3, 2006.

Henry C. Davis, of Henry Clay Davis III, P.A., Georgetown, DE, for appellant.

Danielle K. Yearick, of Tybout, Redfearn & Pell, Wilmington, DE, for appellee.

Before STEELE, Chief Justice, HOLLAND, BERGER, JACOBS, and RIDGELY, Justices constituting the Court en Banc.

RIDGELY, Justice, for the Majority:

Claimant–Appellant Gloria M. Brown contends that the Superior Court erred by affirming a decision of the Industrial Accident Board ("IAB") denying her petition for additional compensation based on the statute of limitations. Claimant makes two arguments on appeal. First, she argues that she was not notified of the applicable five year statute of limitations governing her claims. Second, she argues that the IAB erred in holding that even in the absence of written notice, her claim was barred. We find that sufficient written notice was given in this case, and that it is unnecessary to address the IAB's alternative rationale. Accordingly, we affirm.

I.

Claimant was injured on March 26, 1998. She received workers' compensation benefits between the time of her injury and June 7, 1998. On that date, Claimant signed a one-page, single-sided form created by the Office of Workers' Compensation and completed by her Employer's representative, The PMA Group. The three-line title of the form was in all capital letters, "STATE OF DELAWARE; OFFICE OF WORKERS' COMPENSATION; RECEIPT FOR COMPENSATION PAID." The center of the form contained the following language:

Received of *THE PMA GROUP ON BEHALF OF STOCKLEY CENTER/STATE OF DELAWARE* the sum of *$126.86*, making in all the total sum of *$3,086,96* in settlement of compensation due for the *TOTAL* disability of *GLORIA BROWN* which began on *MARCH 27, 1998*, and terminated on *JUNE 7, 1998*.

Below this language was a space for "Employee Signature" and two spaces for "Address."

An explanation and notice appears next on the page below the signature line as follows:

Your signature on this receipt will terminate your rights to receive the workers' compensation benefits specified above on the date indicated. This form is not a release of the employers' or the insurance carrier's workers' compensation liability. It is merely a receipt of compensation paid. The claimant has the right within five years after the date of the last payment to petition the Office of Workers' Compensation for additional benefits.

It is undisputed that Claimant read and signed this form. No evidence was produced at the hearing to show that Claimant retained a copy.

Six and a half years later, on December 8, 2004, Claimant filed a petition to determine additional compensation arising from her March 26, 1998 injury. Specifically, Claimant petitioned for benefits for total disability between May 21 and September 27, 2004. The Board barred her claim based upon the applicable statute of limitations and the Superior Court affirmed. This appeal followed.

II.

Claimant first argues that the final receipt she signed did not give her proper

notice of the applicable statute of limitations. She argues that without proper notice the bar of the statute of limitations does not apply.

 The Delaware Code limits the time period for claims after a receipt has been filed by Section 2361(b) of Title 19.

> Where payments of compensation have been made in any case under an agreement approved by the Board or by an award of the Board, no statute of limitations shall take effect until the expiration of 5 years from the time of the making of the last payment for which a proper receipt has been filed with the Department.[1]

This provision establishes a five year statute of limitations for additional claims that generally runs from the last payment of compensation for which a receipt has been filed. Notice of the statute of limitations is a prerequisite for a statute of limitations defense. Under Section 3914 of Title 18:

> An insurer shall be required during the pendency of any claim received pursuant to a casualty insurance policy to give prompt and timely written notice to claimant informing claimant of the applicable state statute of limitations regarding action for his/her damages.[2]

"Section 3914 is an expression of legislative will to toll otherwise applicable time limitations with respect to claims made against insurers."[3] It is reversible error to allow an insurer to raise the statute of limitations as a defense when it has not provided notice to a claimant.[4] Self-insured entities are not distinguished from insurers for purposes of Section 3914.[5]

 Section 3914 operates to require notice for the statute of limitations in section 2361(b).[6] Without notice to claimants, the statute of limitations does not toll.[7] Only when a claimant receives notice does section 2361(b) place "the burden on claimants to pursue the payment of their medical bills within five years from any order or Board-approved agreement directing the employer to pay such expenses."[8]

 Whether Claimant received the notice required by Section 3914 is a mixed question of law and fact. Whether Claim-

---

1. 19 Del. C. § 2361(b). Limitation periods for claims.

2. 18 Del. C. § 3914 (defining proper notification)

3. *Stop & Shop Cos. v. Gonzales*, 619 A.2d 896, 898 (Del.1993) (quoting *Lankford v. Richter*, 570 A.2d 1148, 1149 (Del.1990)).

4. *Lankford v. Richter*, 570 A.2d 1148, 1150 (Del.1990) (reversing because insurance company failed to comply with Section 3914 and was therefore barred from raising the statute of limitations as a defense to claimant's claim for benefits).

5. *Stop & Shop*, 619 A.2d at 898 ("Whether the funding be through contract with an independent insurer, or self-funding, or a combination of the two through partial self-insurance in the form of deductibles, the result is the same.").

6. *See e.g., Fleming v. Perdue Farms, Inc.*, Del.Super., No. Civ.A. 02A–02–009–RFS, Stokes, J., 2002 WL 31667335 (Oct. 30, 2002); *Butterfield v. Conectiv*, Del.Super., C.A. No. 01A–10–010, Herlihy, J. (June 28, 2002) (Mem.Op.) (both cases holding that the notice provision of 18 Del. C. § 3914 applies to workers' compensation claims).

7. *See e.g., McMillan v. State of Delaware*, Del.Super., No. C.A. 02A–02–008, Bradley, J., 2002 WL 32054600 (2002) (citing *Lankford*, 570 A.2d at 1150; *Samoluk v. Basco, Inc.*, 528 A.2d 1203, 1204 (Del.Super.Ct.1987)) ("An insurer who fails to comply with the notification requirements of Section 3914 is estopped from asserting the statute of limitations defense against the claimant.").

8. *See, e.g., West v. Ponderosa Steak House*, Del.Super., No. Civ.A.02A–02–010, Graves, J., 2002 WL 31667898 (Aug. 12, 2002).

ant read and signed the form at issue in this case is a question of fact. We review the Board's factual findings to determine whether they are supported by substantial evidence.[9] The legal sufficiency of the language on the form provided to Claimant is a question of law. We review questions of law *de novo*.[10]

■ The Board found that Ms. Brown signed an agreement and receipt for workers' compensation benefits received and that the benefits terminated in June 1998. Ms. Brown admitted at the Board hearing that she reviewed, read, and signed these documents. Nothing in the record suggests she did not understand the documents she signed. There is substantial evidence to support the Board's finding that the notice on the form was given to Claimant.

The Board next concluded that the language and context of the notice was sufficient to allow the Employer to raise the statute of limitations defense. The notice informed Ms. Brown of her "right within five years after the date of the last payment to petition the Office of Worker's Compensation for additional benefits." The Board said:

> Certainly, the phrase "statute of limitations" is not contained in the language, but the Board is satisfied that the wording in the receipt gave Claimant the essential information in clear, plain language free of legal jargon. The receipt's language informed her that, even after signing the receipt, she had "the right within five years after the date of the last payment to petition the Office of Workers' Compensation for additional benefits." The necessary and natural

implication is that, after those five years, she no longer would have that right. This is the core meaning of a statute of limitations.[11]

The Superior Court determined on appeal that the language of the receipt informed Claimant that any additional claims must be filed within five years. The Superior Court further concluded that the written notice was "prompt and timely" as required by Section 3914 because it was given on the date the five-year statute of limitations began to run.

We have carefully considered the entire record and agree with the Board and the Superior Court that the facts of this case permitted the Employer to raise the statute of limitations as a defense. The receipt, which Claimant read and signed, gave prompt and timely notice of a right *within five years* to petition for additional benefits. Claimant was on notice by the plain language of the receipt that there was *no right* to file a petition for additional Workers' Compensation benefits thereafter. We agree with the Board that the "receipt gave claimant the essential information [of the statute of limitations] in clear, plain language free of legal jargon." Because the petition Claimant filed was beyond the five-year time limit, the Board correctly concluded as a matter of law that her claim was barred by the statute of limitations.

### III.

■ Claimant next argues that her claim is not barred because her Employer did not provide her with the notice of the statute of limitations. Claimant focuses on

**9.** *A. Mazzetti & Sons, Inc. v. Ruffin*, 437 A.2d 1120 (Del.1981).

**10.** *Page v. Hercules*, 637 A.2d 29, 32 (Del. 1994).

**11.** *Brown v. State*, Del. Ind. Accident. Bd., No. 1256103, p. 13 (May 4, 2004).

the source of the receipt she received; specifically that the form did not identify itself as one from Employer, but instead was from the "Office of Workers' Compensation." Claimant relies on the language of Section 3914 requiring "an insurer ... to give prompt and timely written notice ... of the applicable statute of limitations." She contends that without proof of adequate notice by a carrier or self-insured, an Employer may not avail itself of the otherwise applicable statute of limitations.

 The Board noted that under Board Rule 19(a) the receipt that Claimant signed was filed with the Office of Workers' Compensation.[12] The Board considered Claimant's argument but found that there was compliance with Section 3914. Specifically, the Board said:

> While it is true that the blank form document was created by the Office of Workers' Compensation as a form adequate to comply with the Board Rules and statutory requirements for a receipt, the specific details for any particular case are completed by the employer/insurance carrier, which has the responsibility of providing the receipt to the claimant. Nothing in Section 3914 requires the notice to be on company letterhead. The receipt was provided to Claimant by the State through its third-party self-insurance administrator. The Board concludes that this satisfies the Section 3914 requirement

that the notice be provided by "the insurer."

In *Vance v. Irwin,* this Court described the notice requirement upon which Claimant relies:

> The notice requirement at issue in this appeal is set forth in 18 Del. C. § 3914. The statute has been characterized as an "expression of legislative will to toll otherwise applicable time limitations" with respect to claims made against insurers. This Court recently construed the statute as applicable to claims made by third parties against all casualty insurers, including self-insurers. The statute is deemed remedial legislation to be given a broad interpretation for the benefit of claimants. In the absence of affirmative action by an insurer in providing written notice to a claimant, the applicable statute of limitations is tolled for the benefit of the claimant.[13]

 This Court also recognized in *Vance* that prompt and timely notice given to a claimant's attorney satisfied the requirements of Section 3914 under general agency principles when viewed contemporaneously with practical considerations.[14] The signing of a receipt constitutes "an acknowledgement that the carrier disclaimed any further liability, and claimant could no longer contend that she was lulled into a false sense of security by actions of the carrier that acknowledged continued validity of her claim."[15]

---

12. Bd. R. 19(a) (a "final receipt shall be filed with the Department when the agreement is paid in full."). A claimant has the burden to prove that an agreement and receipt were not filed with the Board in order for the statute of limitations not to run. *West v. Ponderosa Steak House,* 2002 WL 31667898 at *2.

13. *Vance v. Irwin,* 619 A.2d 1163, 1164–1165 (Del.1993) (*quoting Lankford v. Richter,* 570 A.2d 1148, 1149 (Del.1990); *citing The Stop & Shop Companies, Inc. v. Gonzales,* 619 A.2d

896 (Del.1993)) (internal footnote and citations omitted).

14. *Id.* at 1165 (relying on ethical obligations and realistic considerations such as an insured party communicating through his/her agent with the insurer).

15. *See e.g., Phillips v. American Cancer Society,* Del.Super., O'Hara, J., 1986 WL 5843 at *2 (May 14, 1986).

The underlying purpose of the notice requirement is to ensure that an insured party claiming benefits has adequate notice of her statutory rights. The record shows that Claimant read and signed a written notice of her right to petition for additional benefits within five years on a form that was created by the Office of Workers' Compensation and that was prepared by her Employer's representative. Claimant's argument that her notice of the statute of limitations was defective (because her notice came from the Office of Workers' Compensation) is similar to the argument this Court rejected in *Vance*. Both *Vance* and this case involve communications through representatives of the parties.

In this case, Claimant had actual knowledge of the applicable statute of limitations through the written notice of the receipt prepared by The PMA Group on behalf of the Employer. Just as notice was given to an insured through an attorney in *Vance*, here the Employer caused the receipt to be prepared by The PMA Group so it could be given to the Claimant and filed with the Office of Workers' Compensation. This process satisfies the intent of Section 3914.

### IV.

Claimant's alternative argument is that the Board erred in ruling that the absence of a proper notice did not matter in this case. The Board ruled in the alternative that even had the notice been insufficient, the petition still must fail. Because we have resolved Claimant's first claim on this appeal against her, Claimant's second claim is moot.

### V.

This case demonstrates that there are legal consequences flowing from a notice of the statute of limitations contained within a document that also serves as a receipt. Although the facts of this case permit a statute of limitations defense, the form can nonetheless, be improved. We suggest the IAB review the form of notice for ways to provide notice of the five year statute of limitations more prominently. For example, the title of the form could include "and Statute of Limitations Notice." The final sentence on the form could also be in bold, larger font, and all capitals. We direct the Clerk of the Court to send a copy of this Opinion to the IAB so that it may act on this suggestion.

### VI.

Finally, we respectfully disagree with the dissent. The dissent suggests the title of the form, the placement of the notice below the signature line, and its affirmative wording, are critical to the outcome on appeal. To the extent factual issues are raised by these points, our function on appeal is to determine whether there is substantial evidence in the record to support the factual findings of the Board that the wording of the receipt gave Claimant notice of the time limit for any claim for additional benefits. After considering the entire record, we have concluded that substantial evidence supports the Board's findings of fact.

The dissent also suggests that our decision shows an expectation for employees to read documents the way lawyers do. The Board did not state that expectation for employees and neither have we. We agree that Delaware Courts are to interpret the Delaware Worker's Compensation Act liberally in order to carry out its remedial purpose.[16] A liberal interpretation of Section 3914 in favor of the injured worker

16. *Hirneisen v. Champlain Cable,* 892 A.2d 1056 (Del.2006).

requires that the prompt and timely notice of the limitation period for additional claims must be given in clear and plain language. While the dissent concludes otherwise, notice of the time limit for any claim for additional benefits was given in this case.

The judgment of the Superior Court is AFFIRMED.

BERGER, Justice, with whom JACOBS, Justice, joins, dissenting.

The majority denies benefits to an injured claimant, holding that the statutorily required notice of the applicable statute of limitations is adequate as a matter of law. It does so notwithstanding the fact that: 1) the "notice" was provided on a form titled "Receipt for Compensation Paid" (which was not even given to Brown for future reference); 2) the "notice" was buried in a paragraph *below* both the signature line and all of the information relevant to the stated purpose of the document; and 3) the "notice" does not state that the right to additional benefits is barred after five years; it says that claimant may petition for additional benefits "within five years."

The majority acknowledges that the purpose of the statute of limitations notice requirement is to protect claimants. Absent legally adequate notice, the employer/insurer is precluded from raising a statute of limitations defense. Undoubtedly, the majority also is mindful of the settled law holding that workers' compensation statutes should be liberally construed for the benefit of injured workers.[17] Yet it declares this receipt to be legally adequate notice, saying the receipt "plainly" informed the claimant of the five-year statute of limitations. The majority apparently expects employees to read documents

the way lawyers do—watching for every statement buried in the fine print, and appreciating the fact that, if they *are* permitted to file for additional benefits for five more years, they *are not* permitted to file for additional benefits after five years.

In response to this dissent, the majority says that it is applying the mandated liberal construction to benefit claimants by requiring that the notice be given in "clear and plain" language. Yet the majority acknowledges that this receipt should not be used in future cases as a notice of statute of limitations. It instructs the IAB to change the form to "provide more prominent notice of the statute of limitations." In other words, the problem presented by this confusing receipt that doubles as a notice of limitations will be resolved for all future claimants. Too bad for Brown. She gets no relief.

17. *Johnson Controls, Inc. v. Fields,* 758 A.2d 506, 509 (Del.2000).