# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

CONCELETA BERBICK, as Next )
Friend of RYAN H. BERBICK, a minor, )
)
Plaintiff, )
)
v. ) C.A. No. N15C-07-011 FWW
)
THE NEMOURS FOUNDATION, )
a foreign corporation, d/b/a ALFRED )
I. DUPONT HOSPITAL FOR )
CHILDREN, )
)
Defendant. )

Submitted: October 14, 2016
Decided: December 8, 2016

## MEMORANDUM OPINION AND ORDER

Upon Defendant's Motion for Summary Judgment
**DENIED**.

Gary S. Nitsche, Esquire, Joel H. Fredricks, Esquire, Weik, Nitsche & Dougherty, 305 N. Union Street, Second Floor, P.O. Box 2324, Wilmington, Delaware 19899; Attorneys for Plaintiff.

Kevin S. Mann, Esquire, Cross & Simon, LLC, 1105 N. Market Street, Suite 901, Wilmington, Delaware 19801; Michael C. Heyden, Esquire, 1201 N. King Street, Wilmington, Delaware 19801; Michael C. Heyden, Jr., Esquire, Litchfield Cavo LLP, 1515 Market Street, Suite 1220, Philadelphia, Pennsylvania 19103; Attorneys for Defendant.

WHARTON, J.

# I. INTRODUCTION

Before the Court is The Nemours Foundation's ("Defendant") Motion for Summary Judgment with respect to a personal injury lawsuit filed by Ryan Berbick ("Berbick"). Berbick claims that he sustained personal injuries when he slipped and fell on Defendant's premises. The parties dispute whether Berbick's claim was tolled pursuant to 18 *Del. C.* § 3914. To resolve this dispute, the Court must answer the following question: Is a non-Delaware insurer, which issues an insurance policy covering a Delaware resident, Delaware property, or an activity to be performed in Delaware, required to provide notice of the applicable statute of limitations to a potential claimant pursuant to § 3914.

The Court answers this question in the affirmative. Because the Court finds that Defendant issued such a policy and failed to notify Berbick of the applicable statute of limitations, Berbick's claim was tolled. Therefore, Defendant's Motion for Summary Judgment is **DENIED**.

## II. FACTUAL AND PROCEDURAL CONTEXT

On June 25, 2013, Berbick, who is a minor, was at the Alfred I. duPont Hospital for Children ("Hospital").[1] The Hospital is owned and operated by Defendant, a Florida corporation.[2] While Berbick was at the Hospital, he entered a

---

[1] Pl.'s Comp., D.I. 1, at 1.
[2] *Id.*

2

bathroom and fell due to water on the floor.[3] As a result of this fall, Berbick claims that he sustained personal injuries.[4]

On July 1, 2015, Berbick filed a personal injury lawsuit against Defendant. Berbick contends that Defendant was negligent because Defendant failed to properly and reasonably inspect the premises, failed to warn Berbick of the existence of water on the floor, and failed to properly and reasonably train its employees.[5]

On August 1, 2016, Defendant filed its Motion for Summary Judgment, asserting that Berbick's claim was time-barred pursuant to 10 *Del. C.* § 8119.[6] On September 2, 2016, Berbick responded to Defendant's Motion for Summary Judgment by arguing that the statute of limitations was tolled because Defendant failed to provide him notice of the applicable statute of limitations in accordance with § 3914.[7] The parties appeared before the Court for oral argument on October 14, 2016.

### III. THE PARTIES' CONTENTIONS

Defendant argues that Berbick's claim is time-barred under § 8119 because Defendant is not subject to § 3914. In particular, Defendant asserts that it is not

---

[3] *Id.*

[4] *Id.* at 2.

[5] *Id.*

[6] *See* D.I. 27. *See also* § 8119 ("No action for the recovery of damages upon a claim for alleged personal injuries shall be brought after the expiration of 2 years from the date upon which it is claimed that such alleged injuries were sustained . . . .").

[7] *See* D.I. 32.

3

subject to § 3914 because its self-insured retention policy does not specifically cover a Delaware resident, Delaware property, or activities to be performed in Delaware.[8] Defendant contends that its policy does not cover a Delaware resident, for Defendant is only a resident of Florida, and not Delaware.[9] With respect to the latter two categories, Defendant contends that § 3914 requires an insurance policy to be "uniquely directed" at activities or property in Delaware, and here, the policy is not.[10] Rather, Defendant's "self-insured retention is applicable to all of its facilities located in multiple states."[11]

In contrast, Berbick argues that the statute of limitations was tolled because Defendant failed to abide by § 3914.[12] Berbick asserts that Defendant's self-insured retention invariably covers all liabilities arising from activities performed on its property at the Hospital.[13] As a result, Berbick contends that Defendant issued an insurance policy that necessarily covers Delaware property and activities.[14] Because Defendant's self-insured retention covers Delaware property and activities, Berbick argues that it was required to provide notice pursuant to § 3914.

---

[8] *See* D.I. 22, at 4–5.
[9] *Id.*
[10] *Id.* at 6.
[11] *Id.*
[12] *See* D.I. 32, at 3–6.
[13] *Id.*
[14] *Id.*

4

## IV. STANDARD OF REVIEW

Superior Court Civil Rule 56(c) provides that summary judgment is appropriate when there is "no genuine issue as to any material fact" and "the moving party is entitled to a judgment as a matter of law." When considering a motion for summary judgment, the Court's function is to examine the record to determine whether genuine issues of material fact exist "but not to decide such issues."[15] The moving party bears the initial burden of demonstrating that the undisputed facts support his claims or defenses.[16] If the moving party meets its burden, then the burden shifts to the non-moving party to demonstrate that there are material issues of fact to be resolved by the ultimate fact-finder.[17]

Summary judgment will be granted if, after viewing the record in the light most favorable to the non-moving party, no genuine issues of material fact exist and the moving party is entitled to judgment as a matter of law.[18] If the record reveals that material facts are in dispute, or if the factual record has not been developed thoroughly enough to allow the Court to apply the law to the factual record, then summary judgment is inappropriate.[19]

---

[15] *Merrill v. Crothall-Am., Inc.*, 606 A.2d 96, 99 (Del. 1992).

[16] *Moore v. Sizemore*, 405 A.2d 679, 681 (Del. 1979).

[17] *Brzoska v. Olson*, 668 A.2d 1355, 1364 (Del. 1995).

[18] *Merrill*, 606 A.2d at 99–100.

[19] *See Cook v. City of Harrington*, 1990 WL 35244, at *3 (Del. Super. Feb. 22, 1990) ("Summary judgment will not be granted under any circumstances when the record indicates . . . that it is desirable to inquire more thoroughly into the facts in order to clarify the application of law to the circumstances.").

## V. DISCUSSION

According to § 3914, "[a]n insurer shall be required during the pendency of any claim received pursuant to a casualty insurance policy to give prompt and timely written notice to claimant informing claimant of the applicable state statute of limitations regarding action for his or her damages."[20] This statute is an "'expression of legislative will to toll otherwise applicable time limitations' with respect to claims made against insurers."[21] Consequently, an insurer that fails to comply with § 3914's "notification requirement is estopped from asserting the statute of limitations defense against the claimant."[22]

However, insurers are required to follow § 3914 only if the contracts they issue fall within the ambit of 18 *Del. C.* § 3901—that is, the insurance contracts cover "subjects resident, located or to be performed in this State." In *LaFayette v. Christian*, the Court had to determine whether a non-Delaware insurance company was required to provide notice of the applicable statute of limitations pursuant to §

---

[20] In *Stop & Shop Co., Inc. v. Gonzales*, 619 A.2d 896, 898 (Del. 1993), the Delaware Supreme Court held that § 3914 includes self-insurers. The Court reasoned that "[w]hether the funding be through contract with an independent insurer, or self-funding, or a combination of the two through partial self-insurance in the form of deductibles, the result is the same. A fund is created to protect against risk of bodily harm or property damage." *Id.* at 898. Here, no one disputes that Defendant is a self-insurer.

[21] *Id.* (quoting *Lankford v. Richter*, 570 A.2d 1148, 1149–50 (Del. 1990)).

[22] *LaFayette v. Christian*, 2012 WL 3608690, *2 (Del. Super. Aug. 21, 2012) (citing *Fleming v. Perdue Farms, Inc.*, 2002 WL 31667335, at *2 (Del. Super. Oct. 30, 2002)). *See also Stop & Shop Co.*, 619 A.2d at 898 ("This tolling is mandated in the absence of affirmative action by the insurer providing written notice to the claimant." (citing § 3914)).

6

3914.[23]    Reading § 3914 in conjunction with § 3901, the Court held that § 3914 "does not apply to out-of-state insurers issuing any policy covering a non-Delaware resident, non-Delaware property, or activities to be performed outside of Delaware."[24]  In essence, then, the Court held that the legislature did not intend for § 3914 to include out-of-state insurers issuing non-Delaware related policies.[25]

In this case, the question is whether a non-Delaware insurer, which issues an insurance policy covering a Delaware resident, Delaware property, or an activity to be performed in Delaware, is within the ambit of § 3914. The *LaFayette* Court suggested that non-Delaware insurers that issue Delaware-related policies would be within the ambit of § 3914.[26]  The Court agrees.  The intention of § 3914 is to "protect unsophisticated claimants from more sophisticated insurance companies."[27]  However, if all non-Delaware insurers are excluded from the statute regardless of the policy's relationship to Delaware, then the statute's intention is

---

[23] 2012 WL 3608690, at *1.

[24] *Id.* at *3.

[25] *Id.* at n.18 ("To broaden the scope of Section 3914, to include out-of-state insurers issuing non-Delaware related policies, would raise a host of public policy concerns. For instance, if an out-of-state insurer were required to give notice, a question arises as to what state statute of limitations the insurer would be required to provide. The injured plaintiff may elect to initiate litigation in the resident state, the tortfeasor's resident state, or the state in which the accident occurred. To be in compliance with Section 3914, therefore, an insurer would have to give notice of all potentially applicable state statute of limitations. The Court finds no indication that the Legislature intended such a result.").

[26] *Id.* at *3.

[27] *Farm Family Ins. Co. v. Conectiv Power Delivery*, 2008 WL 2174411, at *4 (Del. Super. May 21, 2008).

7

diminished.[28] Indeed, many non-Delaware insurance companies that write policies covering residents, property, or activities in the State would not be required to provide notice to potential claimants. Given the statute's remedial nature, the legislature could not have intended to have this result.[29]

Considering the holding above, the Court finds that Defendant was required to provide Berbick notice of the applicable statute of limitations pursuant to § 3914. Defendant is an out-of-state insurer. It administers a self-insurance trust fund providing $2,000,000.00 of coverage for all liability claims.[30] Defendant uses this general liability policy for all of its facilities in various states, including Delaware. While Defendant's policy covers all liabilities at other facilities in various states, it invariably covers all liabilities arising from activities performed on its property at the Hospital. Defendant's insurance policy, therefore, covers Delaware property and activities to be performed in this State.

---

[28] *See Taylor v. Bender*, 1991 WL 89882, at *2 (Del. Super. May 28, 1991) ("The requirements of § 3914 are designed to provide claimants with notice of the applicable statute of limitations. The burden placed on insurers is not an onerous one and conforms to a readily discernible rational social policy considering the relative knowledge and position of the parties. Insurance companies are likely to be aware of laws and regulations applicable to their business. A claimant, on the other hand, is not. Concern over the possibility of a sophisticated insurance industry overreaching a less sophisticated claimant is legitimate and reasonable.").
[29] *Stop & Shop Co.*, 619 A.2d at 898 ("Since the statute may be deemed remedial legislation designed to benefit claimants, we are required to accord to the statute a broad construction to accommodate the legislative will." (citing *J.D.P. v. F.J.H.*, 399 A.2d 207, 210 (Del. 1979)).
[30] *See* D.I. 22, at 3.

Defendant relies on *Ndieng v. Woodward* in support of its position.[31] In *Ndieng*, a Georgia resident who was insured by Allstate was in an automobile accident with the plaintiff in Delaware.[32] The plaintiff filed a personal injury lawsuit against the defendant.[33] The defendant argued that the plaintiff's claim was time-barred under § 8119 and that he was not required to provide notice pursuant to § 3914.[34] Relying on *LaFayette*, the Court found that the insurance contract issued by Allstate was not written to cover some specific activity to be performed in Delaware, and the contact with Delaware was "truly happenstance."[35] The Court noted that merely because Allstate also happens to write policies in Delaware does not mean that it would be subject to § 3914.[36]

Defendant argues that the insurance policy here is indistinguishable from the one present in *Ndieng*. Specifically, the car insurance policy in *Ndieng* was written by an out-of-state insurer and covered liabilities in any state in which the defendant drove. In comparison, Defendant's policy here is written by an out-of-state insurer, and the policy is not "uniquely directed" at any Delaware property or activities—the policy covers all liabilities in all states where Defendant has facilities.

---

[31] 2012 WL 6915205 (Del. Super. Dec. 19, 2012).
[32] *Id.* at *1.
[33] *Id.*
[34] *Id.* at *2.
[35] *Id.*
[36] *Id.*

9

This argument is unpersuasive, Defendant fails to recognize the factual distinctions present here. In *Ndieng*, the out-of-state insurer issued a policy covering a Georgia resident, and that resident happened to be involved in an accident in Delaware. As the Court noted, the policy's contact with Delaware was truly happenstance. Here, however, the contact is not happenstance. Defendant's policy covers the Hospital, a substantial entity that is fixed in Delaware and cannot move, and all liabilities arising from activities to be performed at the Hospital are inevitably covered by this policy. The fact that the policy is a general liability policy that also covers other facilities in several other states does not detract from what the policy covers—property and activities to be performed in Delaware.

## VI. CONCLUSION

The Court finds that Defendant was required to provide notice of the applicable statute of limitations to Berbick. Because Defendant did not provide the requisite notice pursuant to § 3914, the statute of limitations was tolled. Accordingly, Defendant's Motion for Summary Judgment is **DENIED**.

**IT IS SO ORDERED**.

Ferris W. Wharton, Judge

10