# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| BERNICE LEWIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | C.A. No. N21C-03-271 CLS |
| CATO, INC., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |
| | ) | |

Date Submitted: June 10, 2022
Date Decided: September 21, 2022

*Upon Defendant's Motion for Summary Judgment.* **DENIED.**

## ORDER

D. Miika Roggio, Esquire, Silverman, McDonald & Friedman, Wilmington, Delaware, 19805, Attorney for Plaintiff, Bernice Lewis.

Michael J. Logullo, Esquire, Rawle & Henderson LLP, Wilmington, Delaware, 19801, Attorney for Defendant, Cato, Inc.

**SCOTT, J.**

## INTRODUCTION

Before the Court is Defendant Cato, Inc.'s ("Cato") Motion for Summary Judgment on Statute of Limitation Grounds("Motion"). Upon consideration of the Motion and Plaintiff Bernice Lewis's ("Ms. Lewis") response, Cato's Motion is **DENIED** for the following reasons.

## BACKGROUND/PARTIES CONTENTIONS

This case arising from a trip and fall outside an Arby's restaurant in Georgetown, Delaware due to uneven pavement. Ms. Lewis filed suit on March 26, 2021, alleging her injury occurred on March 29, 2019. Discovery closed on April 29, 2022. Cato filed this Motion on May 16, 2022, alleging discovery revealed Ms. Lewis's injury did not occur on March 29, 2019, as previously asserted. Instead, Cato asserts the statute of limitations began to run on January 20, 2019, making Ms. Lewis's filing of her claim barred by the statute of limitations.

Cato explained that Ms. Lewis identified an employee of Arby's named "Tagier" that was an eyewitness to her fall and Cato was able to identify "Tagier" as Tagier Daniels ("Mr. Daniels"). Upon getting in contact with Mr. Daniels, it was discovered Mr. Daniels did not work at the Arby's location at issue on March 29, 2019, according to his timesheet report. Cato further explains that Ms. Lewis's medical records indicate she fell on January 20, 2019, due to uneven concrete and injured her left shoulder and arm. Mr. Daniels was working on January 20, 2019.

Additionally, when Ms. Lewis was deposed, she stated she had one fall at Arby's and she "did not know what date it was" but she did fall. When she was asked if January 20, 2019, was the correct date of the fall, Ms. Lewis responded, "I don't know. I just really don't know." However, she did confirm she presented to Beebe after her fall for shoulder treatment. Ms. Lewis did not produce any Beebe medical records indicating she had shoulder treatment on March 29, 2019. Based on the January 20, 2019, Beebe medical record indicating Ms. Lewis went to Beebe Emergency Room on that date from a trip and fall and employee timecard indicating Ms. Lewis's eyewitness worked on that date, Cato asks the Court to grant Summary Judgment due to statute of limitations barring the suit.

Ms. Lewis responded arguing two points: (1) the statute of limitations defense has been waived due to Cato's liability insurance carrier failing to inform Ms. Lewis of the applicable statute of limitations in accordance with 18 Del. C. § 3914 and (2) there is a material question of fact as to the action date of Plaintiff's fall.

Ms. Lewis explains that according to 18 Del. C. § 3914, an insurer is required during the pendency of any claim received to give prompt and written notice informing claimant of applicable statute of limitation for his or her claim. Ms. Lewis alleges that on May 8, 2019, Ms. Lewis's counsel sent certified mail to the manager of the subject Arby's restaurant informing him of Ms. Lewis's representation, accident and included a request to be put in contact with Cato's insurance carrier.

3

Five days later, Ms. Lewis's counsel received the certified mail receipt. In addition to the certified letter, Ms. Lewis's counsel faxed the same letter directly to Cato on July 16, 2019 and was in contact with liability claims specialist from Cato's insurance carrier on July 23 and 24, 2019. Ms. Lewis alleges that despite notice of her claim, neither Cato nor its insurance carrier ever informed Ms. Lewis of the applicable statute of limitations as required by Delaware law, therefore Cato waived the statute of limitation's defense.

Additionally, Ms. Lewis argues there is a genuine issue of material fact present regarding the actual date of the injury. Ms. Lewis contends that if her fall occurred on or after March 26, 2019, the Complaint was timely filed. Ms. Lewis suggests there is ample evidence to suggest that the fall occurred during the final days of March 2019 based on Mr. Daniel's wage records and several medical records reference a fall in the March 2019 timeframe.

## STANDARD OF REVIEW

Under Superior Court Rule 56, the Court may grant summary judgment if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to summary judgment as a matter of law."[1] The

---

[1] Super. Ct. Civ. R. 56(c); *Burkhart v. Davies*, 602 A.2d 56, 59 (Del. 1991).

moving party bears the initial burden of showing that no material issues of fact are present.[2] Once such a showing is made, the burden shifts to the non-moving party to demonstrate that there are material issues of fact in dispute.[3] In considering a motion for summary judgment, the Court must view the record in a light most favorable to the non-moving party.[4] The Court will not grant summary judgment if it seems desirable to inquire more thoroughly into the facts in order to clarify the application of the law.[5]

## DISCUSSION

Ms. Lewis contends that Cato has waived the statute of limitations defense because Cato and its insurance company were put on notice of this accident and neither entity gave notice to Ms. Lewis about the applicable statute of limitation for her claim.

18 Del.C. § 3914 provides:

> An insurer shall be required during the pendency of any claim received pursuant to a casualty insurance policy to give prompt and timely written notice to claimant informing him of the applicable state statute of limitations regarding action for his damages.[6]

---

[2] *Moore v. Sizemore*, 405 A.2d 679, 680 (Del. 1979).
[3] *Id.* at 681.
[4] *Burkhart*, 602 A.2d at 59.
[5] *Ebersole v. Lowengrub*, 180 A.2d 467, 470 (Del. 1962); *Phillip-Postle v. BJ Prods., Inc.*, 2006 WL 1720073, at *1 (Del. Super. Ct. Apr. 26, 2006).
[6] 18 Del.C. § 3914

This provision, by its terms, applies to a claim received by an insurer pursuant to a casualty insurance policy.[7] However, the statue does apply to a claim under a liability insurance policy.[8] It does not confine the statutory requirement to claims made by an insured.[9] Therefore, if a claim was presented to the insurer, the insurer had the obligation to notify the claimant of the applicable statute of limitations and, in the absence of such notification, the insurer and its insured would be barred from asserting the statute of limitations against the claimant.[10]

In this case, there is evidence that Cato and its insurance company were aware of Ms. Lewis's claim based on the correspondence which flowed between the parties. However, there is a genuine issue of material fact regarding whether Ms. Lewis received the applicable statute of limitations information as called for under 18 Del. C. § 3914.

Additionally, there remains a genuine issue of material fact regarding the date of the alleged incident as the evidence presented in this Motion does not definitely determine the actual date of the accident.

---

[7] *Samoluk v. Basco, Inc.*, 528 A.2d 1203, 1204 (Del. Super. Ct. 1987)
[8] *Id.*
[9] *Id.*
[10] *Id.*

## CONCLUSION

For the foregoing reasons, Defendants' Motion for Summary Judgment is

**DENIED.**

    **IT IS SO ORDERED.**

<u>/s/ Calvin L. Scott</u>
**Judge Calvin L. Scott, Jr.**
