Angela M. BARLOW and John Barlow, Jr., wife and husband, and Angela M. Brown, as Next Friend of John Barlow, III, a minor, and Dawn Locke, as Next Friend of Kimberly Foth, a minor, Plaintiffs Below, Appellees as to Barlow,

v.

Michael P. FINEGAN, Dana M. Finegan, and Michael P. Finegan, Jr., Defendants Below, Appellees.

Dawn Locke, as Guardian Ad Litem of Kimberly Foth, Plaintiff Below, Appellant,

v.

Michael Patrick Finegan, and Michael P. Finegan, Jr., Defendants Below, Appellees.

Titan Indemnity Company, Plaintiff Below, Appellant,

v.

Dawn Locke, as Next Friend of Kimberly Foth and Angela Barlow, as Next Friend of John Barlow, III, Defendants, Appellants as to Foth.

No. 468, 2012.

Supreme Court of Delaware.

Submitted: Aug. 21, 2013.
Decided: Oct. 1, 2013.
Reargument Denied Oct. 15, 2013.

L. Vincent Ramunno, Esquire (argued), Ramunno & Ramunno, P.A., Wilmington, Delaware, for appellant, Dawn Locke, guardian ad litem of Kimberly Foth.

Cynthia G. Beam, Esquire, Newark, Delaware, for appellees, Michael P. Finegan, Jr. and Michael Patrick Finegan.

Gary S. Nitsche, Esquire (argued) and Michael B. Galbraith, Esquire, Weik, Nitsche & Dougherty, Wilmington, Delaware, for appellees, Angela M. Barlow, John Barlow, Jr. and John Barlow, III.

Robert J. Leoni, Esquire (argued), Shelsby & Leoni, Stanton, Delaware, for appellee, Titan Indemnity Company.

Before STEELE, Chief Justice, HOLLAND and JACOBS, Justices.

HOLLAND, Justice:

Dawn Locke, on behalf of minor appellant, Kimberly Foth ("Foth"), appealed the Superior Court's July 26, 2012 final judgment in favor of Foth and minor appellee, John Barlow, III ("Barlow"), and the March 2, 2012 Order granting Barlow's motion to enforce the parties' settlement

agreement wherein Foth and Barlow would each receive $7,500. On May 6, 2013, this Court vacated the Superior Court's Order entering final judgment and remanded this matter for the purpose of holding a minors' settlement hearing for Foth and Barlow. This Court's remand order stated:

> The parties agree that no minors' settlement hearing occurred. Under 12 *Del. C.* § 3926 and Superior Court Civil Rule 133(c), court approval is required before the settlement can become final. Therefore, the trial judge erred by issuing an order entering final judgment and this matter must be remanded for the purpose of holding a minors' settlement hearing for Foth and John. The parties should present arguments concerning the proposed settlement's relative fairness to the minors and evidence such as medical reports at the hearing. We do not reach Foth's argument regarding his attorney's authority to settle the matter because, absent the minors' settlement hearing, no final settlement occurred.

### Remand Decision

On remand, the Superior Court conducted a minors' settlement hearing on June 7, 2013 and considered testimony from both minors and their mothers, and reviewed the minors' medical records. On July 8, 2013, the Superior Court issued a Report on Remand in which it summarized the evidence presented and determined that an equal division of the $15,000 settlement proceeds between the minors is fair and reasonable. According to the Superior Court, "the focus here must be on whether the division of the available funds is fair. This necessitates a comparison of the injuries suffered by each minor."

After summarizing the minors' medical records and testimony, the Superior Court stated that it "can find no significant difference in which [the minors'] respective injuries limit their activities of daily living." The Superior Court also stated that if it "were to disregard the settlement agreement and instead decide the apportionment on a clean slate, it would award [Foth] $10,000 and [Barlow] $5,000." However, the Superior Court stated "the difference between the settlement apportionment and the 'clean slate' apportionment ... is not so great as to render the 50–50 division unfair or unreasonable."

### Settlements Generally

An attorney is deemed to possess general authority to act on behalf of his client in the prosecution of an action for which he has been retained.[1] In our system of representative litigation, "each party must be bound by the acts of his lawyer-agent."[2] Generally, competent adult clients are bound by the acts of his or her lawyer-agent in such matters as settlements.[3]

### Title 12, section 3926 and Superior Court Rule 133

However, when minors or otherwise legally-disabled persons are involved as litigants in settlement negotiations, the court's role is increased by statute, and its authority is paramount. Title 12, section 3926, states:

> No person dealing with the receiver of a minor or with a guardian of a person with a disability shall be entitled to rely on the authority of such receiver or guardian to:
>
> (1) Release claims;

---

1. *Vance v. Irwin*, 619 A.2d 1163, 1165 (1993) (citing *Trans World Airlines v. Summa Corp.*, 394 A.2d 241 (Del.Ch.1978)).

2. *Id.* (citing *Gebhart v. Ernest DiSabatino & Sons, Inc.*, 264 A.2d 157, 160 (Del.1970)).

3. *Id.*

(2) Settle tort claims; or

(3) Convey title to real property without prior court approval of such act.[4]

■ Under the terms of the statute, it is apparent that any settlement of tort claims reached on behalf of a minor-litigant or otherwise legally-disabled person must be first approved by the court in order to be binding. The purpose of this requirement is to protect the minor-litigant's interests and to ensure that a settlement made in the name of a minor is both equitable and just.

In order to accomplish the purpose of title 12, section 3926, Delaware courts have adopted rules prescribing the process by which court approval of settlements is to be achieved where minors and legally-disabled persons are litigants. In this case, which originated in the Delaware Superior Court, Delaware Superior Court Civil Rule 133 applies. That rule states:

(a) In a settlement of a single-transaction matter arising out of a tort claim for a disabled person, the Court may, in its discretion, enter an order

(1) approving the settlement;

(2) approving the disbursement of funds for the payment of the expenses of prosecuting the tort claim, subrogation claims and unpaid obligations of the disabled person associated with the tort claim;

(3) appointing a guardian of the property of the disabled person to be derived from the settlement; and

(4) approving the deposit of the disabled person's funds in a bank or trust company.

(b) Upon entry of an order pursuant to subsection (a), jurisdiction shall be transferred to the Court of Chancery for administration of the guardianship pursuant to Chapter 39, Title 12 of the Delaware Code.

(c) A petition to authorize settlement of a tort claim for a disabled person shall be accompanied by medical reports or other evidence satisfactory to the Court and, in the absence of such evidence, the Court may require oral testimony. Such petitions shall be heard in open court, with the disabled person present, unless otherwise ordered.[5]

### Settlement Approval Process

Superior Court Rule 133 must be read *in pari materia* with title 12, section 3926 of the Delaware Code. All single-transaction settlements of tort claims involving minor or otherwise legally-disabled litigants require prior court authorization in order to be binding.[6] In such cases, therefore, two distinct steps must be taken: first, the litigants must petition the court to authorize the settlement;[7] and second, medical or other evidence, satisfactory to the court, must be heard in open court.[8] The minor or otherwise legally-disabled person(s) should be present, unless otherwise ordered.[9]

---

4. Del.Code Ann. tit. 12, § 3926.

5. Super. Ct. Civ. R. 133. *See also* Del. Ch. Ct. R. 185(b) (stating, "A petition to authorize settlement of a tort claim for an injured minor shall be accompanied by medical reports or other evidence satisfactory to the Court and, in the absence of such evidence, the Court may require oral testimony. Such petitions shall be heard in open court, with the minor present, unless otherwise ordered.").

6. Del.Code Ann. tit. 12, § 3926(b)-(c).

7. Del.Code Ann. tit. 12, § 3926(b)-(c).

8. Super. Ct. Civ. R. 133(c).

9. *Id.*

After a hearing is held, the court has two alternatives: it may either approve or reject the settlement petition. When approving the petition, the court should enter an order which (1) authorizes the settlement;[10] (2) approves the proper disbursement of funds;[11] (3) appoints a guardian of the property;[12] and (4) approves the deposit of the minor or otherwise legally-disabled person's funds in a bank or trust company.[13] Upon the entrance of an order approving a settlement under Superior Court Rule 133, the Superior Court will transfer jurisdiction of the matter to the Court of Chancery, which will administer the guardianship or provide such other relief as deemed just, proper, and equitable.[14] Those procedures were not followed in this case.

### Settlement Approval Not Settlement Enforcement

■ In our order of remand, this Court specifically reminded the Superior Court and the parties of the statutory provision that no person dealing with the "receiver of a minor" can rely upon the receiver's authority to settle tort claims without first seeking court approval.[15] That is why our remand order also stated: "We do not reach Foth's argument regarding his attorney's authority to settle the matter because, absent the minors' settlement hearing, no final settlement occurred."

Unfortunately, in this case, the Superior Court did not focus on whether to approve the settlement. Instead, it stated the "focus must be on [whether] the division of the available funds is fair," i.e., enforcing the settlement agreement. The Superior Court concluded its opinion by stating that

if it "were to disregard the settlement agreement and instead decide the apportionment on a clean slate, it would award Kimberly Foth $10,000 and John Barlow $5,000."

Title 12, section 3926 mandates that court approval of a minor settlement *always* starts with a "clean slate" by providing that no person dealing with the receiver of a minor can rely upon the receiver's authority to settle tort claims. The statute requires an independent judicial determination about whether the settlement agreement for a minor should be approved and specifically rejects the concept that such an agreement can be specifically enforced if the court has reservations. In this case, the record reflects that the Superior Court did not make an independent determination because the Superior Court stated that, if it disregarded the settlement agreement and started on a "clean slate," it would have awarded Foth $10,000 instead of the $7,500 in the settlement agreement.

### Conclusion

The judgment of the Superior Court is reversed. This matter is remanded for further proceedings in accordance with title 12, section 3926 and Superior Court Civil Rule 133. Jurisdiction is not retained.

---

10. Super. Ct. Civ. R. 133(a)(1).

11. Super. Ct. Civ. R. 133(a)(2).

12. Super. Ct. Civ. R. 133(a)(3).

13. Super. Ct. Civ. R. 133(a)(4).

14. Super. Ct. Civ. R. 133(b); *Jane Doe 30's Mother v. Bradley*, 64 A.3d 379, 400–01 (2012).

15. Del.Code Ann. tit. 12, § 3926.