# SUPERIOR COURT
## OF THE
# STATE OF DELAWARE

Jeffrey J Clark
Judge

Kent County Courthouse
38 The Green
Dover, DE  19901
302-735-2111

March 29, 2017

Mr. Chandra J. Williams, Esq.
Rhodunda & Williams
1220 Market Street, Suite 700
Wilmington, DE  19899

Joshua Meyeroff, Esq.
Morris James, LLP
500 Delaware Avenue, Suite 1500
Wilmington, DE  19899

Lorenza Wolhar, Esq.
Marshall, Dennehey, Warner, Coleman & Goggin
1220 Market Street, 5th Floor
Wilmington, DE 19899-8888

> **RE:   *Greenwald, et al. v. Caballero-Goehringer, M.D., et al.***
> ***C.A. No. K14C-04-027 JJC***

Submitted:  March 21, 2017
Decided:  March 29, 2017

Counsel:

This matter involves the requested approval of a minor tort claim settlement. The Court denied Plaintiffs' Third Petition for Approval of Settlement, without prejudice to refile with proof of an annuity ready for purchase that adequately protects the Minor's interests.  Plaintiffs move for reargument or reconsideration of the Court's decision. This letter sets forth the Court's reasoning for denial of Plaintiffs' motion for reargument.

From the Court's perspective, it provided clear guidance regarding the appropriate process.  Nevertheless, the Plaintiffs continue to request reconsideration

and exception from the Court's direction. Accordingly, before setting forth the Court's reasoning, a discussion of the background of this matter is appropriate.

Petitioner Colleen Greenwald (hereinafter "Petitioner") is the guardian *ad litem* for the now five year old Kiley Ann Greenwald (hereinafter the "Minor"). In 2014, Petitioners sued the Minor's pediatrician for health care negligence allegedly causing the then-infant Minor to fall from an examination table in the doctor's office and fracture her skull. In addition to the Minor's claims, Petitioner and the Minor's father, Gary Greenwald, joined the Minor's lawsuit, making a claim for their mental anguish and emotional distress, despite suffering no injury and their being no allegation of intentional infliction of emotional distress. Litigation commenced and after mediation, the parties agreed to settle the claims for a gross amount, to be allocated pursuant to Court approval.

At that point, Petitioner's approach deviated from the best interest of the Minor when Plaintiffs filed a petition seeking Court approval of the settlement pursuant to Superior Court Civil Rule 133. In the initial petition, the Petitioner alleged that "in the interest of fairness, the plaintiffs should receive an equal share of the net settlement amount." In other words, although the Minor was the only Plaintiff suffering injury or that had any cognizable claim in the matter, the Minor's parents requested to receive twice as much of the net settlement proceeds as the injured Minor.

The Court held a hearing on February 19, 2016. After the hearing, the Court held that it would not approve a settlement where the Petitioner received any less than the full net amount of the settlement. The Court determined that any less would not be a fair and equitable settlement of the Minor's claims.

Thereafter, the Petitioner filed an amended petition seeking amounts to be placed in a Delaware Uniform Transfers to Minors Account (hereinafter "UTMA") in part, or in the alternative providing for the placement of funds in an annuity. The

2

revised petition, however, did not provide for any terms for an annuity that the Court could review and consider. At that time, it was evident that no work toward that end was completed. The Court became further concerned that based on the parent's initial vigor (1) to divert funds to them that in fairness belonged solely to the Minor, and (2) a continued effort to provide for parental access to the Minor's funds (albeit through a UTMA), it was in the Minor's best interest to require all net proceeds to be placed in a structured settlement where the parents would not have access.[1] By Letter Order on November 23, 2016, the Court denied the Second Petition. In that Order, the Court held that the gross settlement amount and the net present value of the settlement was fair and in the best interest of the Minor, provided all net amounts are applied for the benefit of the Minor. The Court also directed the Prothonotary to provide the structured settlement check list to the Petitioner, long used and available, setting forth the requirements for approval of the settlement. In other words, the Petitioner was instructed to file a revised petition proposing the purchase of a suitable annuity to protect the Minor's interests.

Thereafter, the Petitioner submitted a Third Petition not meeting the requirements of the checklist. It included the proposed purchase of a receivable purchase agreement. The proposed "structured settlement" was described in the Third Petition as a structure to be purchased through a third party to be facilitated by a Houston, Texas law firm. The "annuity" proposed by the Petitioner was in fact a "receivable purchase agreement" which involved purchase of the rights of payment of a structured personal injury settlement from a California injured party having nothing to do with this case. In other words, the annuitant in the proposed plan facilitated by

---

[1] The parents alternatively proposed a reduction in their net share to fifteen percent of the net proceeds, and that all remaining net proceeds be placed in a UTMA for the Minor. In continuing to argue that the parents were due funds directly, the Second Petition cited the *Restatement (Second) of Torts* provision regarding claims for intentional infliction of emotional distress. In Delaware, claims for **intentional** infliction of emotional distress do not require accompanying physical injury. In this case, however, the parent plaintiffs never alleged a claim of intentional infliction of emotional distress. The complaint is devoid of any such claim.

3

the Texas law firm was the California claimant, not the Minor. Furthermore, despite the Petitioner describing The Hartford as providing the annuity, the seller of the receivable purchase agreement was GenexCapital. No rating was provided for that entity in the petition. The Court denied the Third Petition, without prejudice.

Thereafter, Petitioner moves for reargument pursuant to Superior Court Civil Rule 59(e). Petitioner alleges that the proposed mechanism for payment qualifies as a structured settlement and the Court misapprehended that fact. The two settling defendants opposed the Third Petition on the basis that the Petitioner did not propose a true structured settlement. Defendant Linda Cabellera-Goehringer also filed a separate response in opposition to the Petitioner's motion for reargument. Both defendants argued that the proposed payment mechanism was not in the best interest of the Minor. The Court agrees and also finds that there is no basis for Petitioner's motion for reargument in this case.

The standard for granting reargument under Superior Court Civil Rule 59(e) provides that such motions be denied

> unless the Court has overlooked precedent or legal principles that would have controlling effect, or misapprehended the law or the facts such as would affect the outcome of the decision. Motions for reargument should not be used merely to rehash the arguments already decided by the Court, or present new arguments not previously raised. Such tactics frustrate the efficient use of judicial resources, place the opposing party in an unfair position, and stymie "the orderly process of reaching closure on the issues."[2]

Here, Petitioner does not demonstrate that the Court overlooked controlling legal precedent, or misapprehended the law or the facts.

The Court has the obligation to review proposed settlements of minors' claims to ensure they are in the best interest of the injured minors. In reviewing such a petition pursuant to Superior Court Civil Rule 133, the Court has two options: either

---

[2] *Medical Depot, Inc. v. RSUI Indemnity Co.,* 2017 WL 76999, at *1 (Del. Super. Ct. Jan. 6, 2017) (citations omitted).

4

approve or reject the settlement petition.[3]   Considerable deference from the Court is appropriate for the negotiated resolution of claims by counsel.   Namely, counsel are the most familiar with the claims and defenses in such actions, not the Court.

However, under the very unusual circumstances of this case, the Petitioner still does not present a proposed settlement that is in the best interest of the Minor.  For that reason, and the Petitioner's failure to provide a basis for reargument or reconsideration of the Court's prior decision, Petitioner's motion for reargument is DENIED.

**IT IS SO ORDERED.**

/s/Jeffrey J Clark

---

[3] *Barlow v. Finger*, 76 A.3d 803, 807 (Del. 2013).