Catherine G. **VANCE**, Plaintiff
Below, Appellant,

v.

Scott M. **IRWIN**, Defendant
Below, Appellee.

Supreme Court of Delaware.

Submitted: Jan. 12, 1993.
Decided: Jan. 28, 1993.

James W. Semple and Joseph R. Slights, III, Morris, James, Hitchens & Williams, Wilmington, for appellant.

Michael A. Pedicone, Dennis D. Ferri, P.A., Wilmington, for appellee.

Before MOORE, WALSH and HOLLAND, JJ.

WALSH, Justice:

In this appeal from a decision of the Superior Court, we address the question of whether an insurer, required by 18 *Del.C.* § 3914 to provide notice to a claimant of the statute of limitations, satisfies that obligation by notice to the claimant's attorney. We hold that, under the circumstances of this case, such notice is sufficient and, accordingly, we affirm.

## I

The facts underlying this controversy are not in dispute. On April 5, 1989, the appellant, Catherine G. Vance ("Vance"), sustained personal injuries as a result of an automobile accident involving her vehicle and one operated by the appellee, Scott M. Irwin ("Irwin"). Vance retained counsel who wrote to Irwin's liability insurance carrier, Allstate Insurance Company ("Allstate"), on July 10, 1989. In this communication, Vance's counsel[1] advised Allstate that he had been retained to represent Vance in connection with her claim against Irwin. Counsel asserted that the accident was solely the fault of Irwin and, after describing the extent of Vance's injuries, made demand for the payment of $15,000 "in full settlement of all claims involving this particular accident." A copy of this letter was sent to Vance.

The record does not reflect what, if any, contacts occurred between the parties or their representatives. However, on August 13, 1990, John Danna, a claims adjustor for Allstate, wrote to Vance's counsel to advise him that Danna had assumed responsibility for the Vance claim. Danna requested that all future correspondence be sent to his attention. He also requested that he be sent copies of all medical bills, reports and wage loss information. Danna concluded his letter with the following statement.

> In addition, the applicable Delaware State Statute of Limitations regarding actions for bodily injury and property damage liability is two (2) years from the date of the accident, specifically 4–5–91.

Although Vance's counsel apparently had further discussions with Danna and made a written settlement demand of $90,000 on April 25, 1991, suit was not filed in the Superior Court in Kent County until May 1, 1991. Irwin filed an answer which asserted the affirmative defense of failure to file suit within the two year period of limitations as required by 10 *Del.C.* § 8119. This defense was later incorporated in a motion for summary judgment which, after being initially denied because of a scheduling misunderstanding between counsel, was granted by the Superior Court. Vance contended in the Superior Court, as she does on appeal, that the statute of limitations was tolled because of the failure of Allstate to provide notice of the applicable period of limitations directly to her as the claimant. The Superior Court ruled, however, that notice to the claimant's attorney was sufficient compliance with the statutory requirement and granted summary judgment in favor of Irwin.

## II

■ The Superior Court's interpretation of a statutory requirement where the factual context is not disputed constitutes a ruling of law, subject to *de novo* review in this Court. *Lankford v. Richter*, Del. Supr., 570 A.2d 1148 (1990). In effect, the Superior Court ruled that, since Allstate's communication to Vance's counsel that the applicable period of limitations expired on April 4, 1991 constituted notice to the claimant, suit filed after that date was barred by the two year period of limitations. We agree with this construction of the statute.

■ The notice requirement at issue in this appeal is set forth in 18 *Del.C.* § 3914.[2] The statute has been characterized as an "expression of legislative will to toll otherwise applicable time limitations" with respect to claims made against insurers. *Lankford v. Richter*, 570 A.2d at 1149. This Court recently construed the statute as applicable to claims made by third parties against all casualty insurers, including self-insurers. *The Stop & Shop Companies, Inc. v. Gonzales*, Del.Supr., 619 A.2d 896 (1993). The statute is deemed remedial legislation to be given a broad interpreta-

---

1. Counsel representing Vance in this appeal is not her original counsel.

2. **§ 3914. Notice of statute of limitations required.**

> An insurer shall be required during the pendency of any claim received pursuant to a casualty insurance policy to give prompt and timely written notice to claimant informing him of the applicable state statute of limitations regarding action for his damages.

tion for the benefit of claimants. *Id.* at 898. In the absence of affirmative action by an insurer in providing written notice to a claimant, the applicable statute of limitations is tolled for the benefit of the claimant. *Id.*

Vance does not dispute the fact that her original counsel received notice from Allstate of the applicable statute of limitations following formal notice of the claim. She contends that, because she was the "claimant," Vance, not her attorney, was entitled to receive the statutory notice. It is argued that since an attorney is presumed to know the applicable statute of limitations, and is professionally obligated to so advise his client, notice to the attorney is superfluous and does not advance the statutory purpose.

While we agree that, in the abstract, notice by an insurer to an attorney of the applicable statute of limitations may appear unnecessary, it must be remembered that § 3914 is an insurance industry regulatory measure. Although the statute is intended to benefit claimants, it must be fairly applied to those who are subject to its notice requirement. The issue here is not whether Vance's counsel was aware of the statute of limitations but whether the insurer was entitled, under accepted principles of agency law, to discharge its statutory duty by communicating with the claimant through her chosen counsel.

■■■ It is generally recognized that once an attorney is retained to represent a client in prospective litigation, the attorney is deemed to possess general authority to act on behalf of the client in the prosecution of the action. *Trans World Airlines, Inc. v. Summa Corp.,* Del.Ch., 394 A.2d 241 (1978). While such authority may not extend to acts which might prove injurious to the interests of the client, such as the unauthorized settlement of claims, *Aiken*

*v. National Fire Safety Counsellors,* Del. Ch., 127 A.2d 473 (1956), under "our system of representative litigation, each party must be deemed bound by the acts of his lawyer-agent." *Gebhart v. Ernest DiSabatino & Sons, Inc.,* Del.Supr., 264 A.2d 157, 160 (1970).

■■■ The principle that a client is bound by the acts of his lawyer-agent in the course of litigation also extends to prelitigation matters under agency principles. Thus, notice given to a retained lawyeragent may be viewed as notice to the clientprincipal. RESTATEMENT (SECOND) OF AGENCY SECTION 9(3) (1957).[3]

Apart from considerations of the law of agency, there is a practical reason for upholding the sufficiency of notice to an attorney under § 3914 where there has been notice of representation during the pendency of the claim. In the normal course of negotiations between an attorney asserting a claim on behalf of a client and an insurer, it would be expected that a representative of the insurer would not attempt to communicate directly with the client.[4] Moreover, the insurer may not know the current address of the claimant, particularly if the claimant has never communicated directly with the insurer. In any event, direct communication by an insurer to a client who has retained an attorney for the purpose of pursuing a claim should not be encouraged because of the risk of overreaching and confusion.

Notwithstanding the remedial purpose of § 3914, we conclude that the insurer here was entitled to rely upon the disclosed agency relationship between a retained attorney and a client. It is unfortunate that the statute of limitations served to defeat Vance's claim but that result is not attributable to any conduct of Irwin's insurer. In this regard our admonition in *Gebhart v.*

---

3. SECTION 9(3) provides:

A person has notice of a fact if his agent has knowledge of the fact, reason to know it or should know it, or has been given a notification of it under circumstances coming within the rules applying to the liability of a principal because of notice to his agent.

4. If the insurer's representative is an attorney, direct communication to a claimant "know[n] to be represented by another lawyer in the matter" would run afoul of ethical constraints. *Delaware Lawyers' Rules of Professional Conduct* Rule 4.2.

*Ernest DiSabatino & Sons Inc.* bears repeating:

> We have sympathy for the plaintiffs; but our system necessarily imposes upon them the consequences of their chosen attorneys' course of conduct in these circumstances; and we may not overlook the rights of the defendant ... which are also entitled to protection by our Courts. In the final analysis, the plaintiffs must look to their attorneys for an accounting for their actions in this cause.

264 A.2d at 160.

The judgment of the Superior Court is AFFIRMED.