William **TIZER** t/a Basin Street
Floors, Plaintiff,

v.

The **AMERICAN INSURANCE
COMPANY**, Defendant.

No. 94–2363.

United States District Court,
E.D. Pennsylvania.

March 27, 1995.

Harry P. Begier, Jr., Harry P. Begier, Jr. Ltd., Philadelphia, PA, for plaintiff William Tizer t/a Basin Street Floors.

Thomas J. Duffy, Patrick J. Keenan, Philadelphia, PA, for defendant American Ins. Co.

## MEMORANDUM

LOWELL A. REED, Jr., District Judge.

Plaintiff William Tizer t/a Basin Street Floors has brought this action against defendant The American Insurance Company in order to recover the proceeds allegedly due to plaintiff under an insurance policy issued by defendant. This Court has jurisdiction over this case pursuant to 28 U.S.C. § 1332 as the parties are of diverse citizenship and the amount in controversy is in excess of $50,000 exclusive of interest and costs.

Currently before me is the motion of defendant for summary judgment and the supplemental motion of defendant for summary judgment as to Count II of plaintiff's complaint. (Document Nos. 7, 14) For the following reasons, the motions will be denied.

## I. FACTUAL BACKGROUND

The following facts are not in dispute.

On July 26, 1991, defendant The American Insurance Company issued an insurance policy to William Tizer trading as Basin Street Floors that covered, among other items, plaintiff's business personal property located at 406 Basin Road in New Castle, Delaware. Included in the policy was the following provision:

**4. Legal Action Against Us**

No one may bring a legal action against us under this insurance unless:

a. There has been full compliance with all of the terms of this insurance; and

b. The action is brought within 2 years after the date on which the direct physical loss or damage occurred.

Motion for summary judgment, Exhibit C, Property/Liability Policy section at 16. The policy was in effect from July 26, 1991 to July 26, 1992.

Plaintiff alleges that he discovered on April 13, 1992 that some of his business property was missing from the 406 Basin Road location. Plaintiff sought payment for the alleged loss from defendant, but defendant refused to make this payment. On Thursday, April 14, 1994, plaintiff filed suit in this Court against defendant seeking payment under the policy and other relief.

## II. DISCUSSION

Under Fed.R.Civ.P. 56(c), summary judgment may be granted when, "after considering the record evidence in the light most favorable to the nonmoving party, no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law." *Turner v. Schering–Plough Corp.*, 901 F.2d 335, 340 (3d Cir.1990).

Defendant argues in both of its motions that plaintiff's action is time barred by the terms of the insurance policy at issue. Plaintiff concedes that the terms of the policy bar legal actions brought more than two years after the loss occurred. Plaintiff also concedes that the alleged loss occurred, at the latest, on April 13, 1992, and that the instant action was filed on April 14, 1994. Plaintiff

argues, however, that the instant action is not time barred for four reasons: (1) April 14, 1994 is within two years "after" April 13, 1992; (2) defendant waived the policy's limitation period provision by not properly notifying plaintiff of that provision; (3) even if the instant action was not filed within two years after April 13, 1992 and the limitation period provision was not waived, plaintiff substantially performed the that provision of the policy; and (4) defendant's bad faith conduct tolled the limitation period. Because I conclude that defendant waived the policy's limitation period provision by not properly notifying plaintiff of that provision, I need not address plaintiff's other arguments.

### A. Choice of Law

Federal courts must apply the choice of law rules of the states in which they sit. *Klaxon Co. v. Stentor Elec. Mfg. Co.,* 313 U.S. 487, 496, 61 S.Ct. 1020, 1021–22, 85 L.Ed. 1477 (1941). Pennsylvania has adopted a choice of law methodology which combines contacts analysis and interest analysis. *Carrick v. Zurich–American Ins. Group,* 14 F.3d 907, 909–10 (3d Cir.1994); *Griffith v. United Air Lines, Inc.,* 416 Pa. 1, 203 A.2d 796 (1964). It is undisputed that the insurance policy at the heart of this case was issued in Delaware, that it insured property in Delaware, and that the alleged loss occurred in Delaware. While the policy was sent to plaintiff in Pennsylvania, there are clearly greater contacts with Delaware than with Pennsylvania; in addition, Delaware clearly has a stronger interest than Pennsylvania in regulating the application of insurance which is issued and applies to events that occur and property within its boundaries. Therefore, while the parties initially disagreed over the applicable law, they are now correct in their determination that Delaware law applies to the instant case.

### B. Waiver of Policy Limitation Period Provision

Delaware law states:

§ 3914. Notice of statute of limitations required

An insurer shall be required during the pendency of any claim received pursuant to a casualty insurance policy to give prompt and timely written notice to claimant informing him of the applicable state statute of limitations regarding action for his damages.

Del.Code Ann. tit. 18, § 3914. Casualty insurance is elsewhere defined so as to include insurance against loss or damage by theft; therefore, the policy at issue here is covered by this statutory provision. *See* Del.Code Ann. tit. 18, § 906.

The Supreme Court of Delaware has held that this statute must be given a broad construction because it "may be deemed remedial legislation designed to benefit claimants." *Stop & Shop Companies v. Gonzales,* 619 A.2d 896, 898 (Del.1993). This breadth of construction has resulted in the statute being applied to self-insurance and to claims made by persons other than the insured. *Id.* at 898–99 (self-insurance and claimants other than insured); *Samoluk v. Basco, Inc.,* 528 A.2d 1203 (Del.Super.Ct.1987) (claimants other than insured). While no Delaware court has directly faced the question of whether this statute applies to limitations periods provided for by casualty insurance policies, the Supreme Court of Delaware in affirming a decision of the lower court enforcing a contractual limitation period has implied in *dictum* that this notice requirement extends to these limitations periods:

At the present time in Delaware there is no duty on the part of an insurance carrier to inform its insured of the existence of a shortened statute of limitations' provision contained in a policy where the carrier has given no assurance that it would not rely upon the one-year limitation provision.[1]

1. As of May 1, 1983 the carrier must give prompt and timely notice of the applicable statute of limitations regarding actions for damages. 18 Del.C. § 3915 [later renumbered as § 3914]

*Betty Brooks, Inc. v. Insurance Placement Facility,* 456 A.2d 1226, 1228 (Del.1983).

The extension of this statute to include these limitations periods is contrary to a

1. Del.Code Ann. tit. 10, § 8106.

literal reading of the statute. The statute specifically refers to the "applicable *state* statute of limitations." Del. Code Ann. tit. 18, § 3914 (emphasis added). The Supreme Court of Delaware in *Stop & Shop Companies, supra,* has been willing, however, to interpret the words "insurer" and "casualty insurance policy" less than literally in order to extend this notification requirement to self insurance in order to foster what that Court concluded was the intent of the legislature. I do not believe, in view of its strong policy statement in the self-insurance context, that the Supreme Court of Delaware would allow insurance companies to avoid the notification requirement by simply including in their policies (as here) a shorter (two years) limitation period than the statutory period of three years.[1] Since I find that the Supreme Court of Delaware has evidenced no logical reason for a distinction between a statute of limitations and a policy limitation period, and since the Supreme Court of Delaware has provided some indication, though oblique, in the *Betty Brooks, Inc.* case that it favors extending the reach of this statute to limitations periods contained within policies themselves, I conclude that if the Supreme Court of Delaware faced this issue today, it would find that Del.Code Ann. tit. 18, § 3914 applies to a limitation period contained in a casualty insurance policy as well as to statutes of limitations.

▇▇ Defendant sent various letters to plaintiff carefully stating that it was reserving its rights under the insurance policy, and in the last two letters defendant stated explicitly that it was specifically reserving "any and all requirements in its policy that action against [it] be filed in a timely manner." Motion for summary judgment, Exhibit B, letters dated 10/5/92, 10/27/92, 11/17/92, 12/8/92, 2/16/93, 11/12/93. This letters provide the only evidence that has been presented to this Court regarding defendant's notification to plaintiff of the policy's limitation period. The question, therefore, is whether these letters constituted "prompt and timely written notice" as required by Delaware law. Once again, no Delaware court has addressed this exact question; indeed, the only case to provide the specifics of notice given pursuant to § 3914 involved such explicit notice that the plaintiff conceded that the notice itself was proper and only contested whether the proper person had received it. *Vance v. Irwin,* 619 A.2d 1163, 1165 (Del.1993). The notice in that case stated " '[i]n addition, the applicable Delaware State Statute of Limitations regarding actions for bodily injury and property damage liability is two (2) years from the date of the accident, specifically 4–5–91.' " *Id.* at 1164.

Given the broad construction required of this statute, I conclude that the Supreme Court of Delaware would find these references to timely filing of actions insufficient to meet this notice requirement. While it may not be necessary to give, as the insurance company did in *Vance,* the exact date upon which the limitation period would expire, the Supreme Court of Delaware would likely find that it is necessary, at a minimum, to refer the claimant to the specific limitation period which is involved. This is consistent with the language of the statute, which requires insurers to notify claimants of the *"applicable state statute of limitations regarding action for his damages."* Del.Code Ann. tit. 18, § 3914 (emphasis added). In the instant case, defendant failed to identify with any specificity the length of the limitation period or the location in the policy where the limitation period could be found. Therefore, I conclude that defendant failed to give the notice required under Delaware law and thus it waived the limitation period provision of the policy.[2]

## III. CONCLUSION

For the foregoing reasons, the motion of defendant for summary judgment and the supplemental motion of defendant for sum-

---

**2.** While it is undisputed that plaintiff was represented by counsel when these letters were received, the Supreme Court of Delaware has indicated that it would not differentiate between claimants who were represented by counsel and those who were not. *See Vance,* 619 A.2d at 1165 (stating that § 3914 is insurance regulatory measure and thus relevant issue is not whether claimant's counsel was aware of applicable statute of limitations but whether proper notice was given).

mary judgment as to Count II of plaintiff's complaint will be denied.