COURT OF CHANCERY
OF THE
STATE OF DELAWARE

DONALD F. PARSONS, JR.
VICE CHANCELLOR

New Castle County Courthouse
500 N. King Street, Suite 11400
Wilmington, Delaware 19801-3734

Date Submitted: October 23, 2014
Date Decided: December 8, 2014

Kurt M. Heyman, Esq.
Melissa N. Donimirski, Esq.
Proctor Heyman LLP
300 Delaware Avenue, Suite 200
Wilmington, DE 19801

Ms. Leilani Zutrau
229 McKinley Parkway
Mineola, NY 11501

Re: *Zutrau v. Jansing and ICE Systems, Inc.*
Civil Action No. 7457-VCP

Dear Counsel and Ms. Zutrau:

On July 31, 2014, I issued my Post-Trial Opinion (the "Opinion") in Plaintiff Leilani Zutrau's direct and derivative lawsuit against Defendant John C. Jansing and nominal defendant ICE Systems, Inc. ("ICE") in which Zutrau pursued a variety of claims relating to, among other things, a reverse stock split executed by ICE that resulted in the elimination of Zutrau's minority equity interest in the company. As the Opinion's page count suggests, I addressed Zutrau's numerous arguments in detail and at length. Ultimately, although I rejected several of Zutrau's claims, I found that Jansing had breached his fiduciary duties and that the terms of the reverse

stock split were not entirely fair to Zutrau.[1] At the conclusion of the Opinion, I ordered the parties to submit adjusted damage calculations pursuant to a schedule set forth in a related order (the "Damages Order").[2] The Damages Order imposed a deadline of August 28, 2014, for Zutrau to raise any objections to Defendant's revised calculations.[3] Zutrau did not—and has not—raised any such objections.

Instead, on August 27, Zutrau terminated her counsel's representation. Shortly thereafter, those attorneys moved to withdraw and for entry of a charging lien. That motion is the subject of a separate letter opinion being filed this same date and will not be addressed further herein. Of relevance to this Letter Opinion, on September 8, Zutrau filed, on her own behalf, another motion styled "Plaintiff's Motion to Alter or Amend Judgment, or in the Alternative, for a New Trial" (the "Motion") in which she contests virtually every aspect of the Opinion. The parties fully briefed that Motion,[4] and the Court heard argument on it on October 23, 2014 (the "Argument"). This

---

[1]     *Zutrau v. Jansing*, 2014 WL 3772859, at *42 (Del. Ch. July 31, 2014) [hereinafter Opinion].

[2]     *Zutrau v. Jansing*, 2014 WL 3827569 (Del. Ch. July 31, 2014) [hereinafter Damages Order].

[3]     *Id.* ¶ 4.

[4]     The briefing consisted of Zutrau's opening brief ("Pl.'s Br."), Defendant's brief in opposition ("Def.'s Opp'n Br."), and Zutrau's reply ("Pl.'s Reply"), which collectively totaled roughly 113 pages.

Letter Opinion constitutes my ruling on Zutrau's Motion. For the reasons that follow, the Motion is denied.

## I.        Legal Standard

The parties dispute what legal standard should be applied to the Motion. Zutrau characterizes the Motion as seeking either to alter or amend the judgment under Court of Chancery Rule 59(e) or, alternatively, a new trial under Rule 59(a). Jansing contends that the Motion effectively is one for reargument and must be reviewed under Rule 59(f). Additionally, I note that, although not reflected in its title, the Motion also seeks to amend Zutrau's pleadings under Rule 15(b) and requests a stay pursuant to Rule 62(b).[5] Based on these disputes and the confusion they engender, I begin by reviewing briefly the standards applicable to each of the potentially relevant rules.

### A.        Rule 59(e): To Alter or Amend the Judgment

"'Under Rule 59(e), a motion to alter an Order may be granted if the plaintiff demonstrates (1) an intervening change in controlling law; (2) the availability of new evidence not previously available; or (3) the need to correct a clear error of law or to

---

[5]     Because this Letter Opinion resolves the Motion, the request for a stay pending the Motion's disposition is moot.

prevent manifest injustice.'"[6] As with a Rule 59(f) motion for reargument, the Court will deny a motion under Rule 59(e) that "merely restates arguments already considered and rejected during the litigation."[7]

### B. Rule 59(a): New Trial

"To obtain a new trial, the disappointed litigant must show that manifest injustice otherwise would result."[8] "In ruling on such a motion, the Court is charged with exercising the 'judicial discretion of the Court so that injustice may be prevented.'"[9]

---

[6] *In re Restatement of Declaration of Trust Creating the Survivor's Trust Created Under the Ravet Family Trust Dated Feb. 9, 2012*, 2014 WL 2538887, at *2 (Del. Ch. June 4, 2014) (quoting *Nash v. Schock*, 1998 WL 474161, at *1 (Del. Ch. July 23, 1998)).

[7] *Paron Capital Mgmt. v. Crombie*, 2012 WL 3206410, at *1 (Del. Ch. Aug. 2, 2012); *see also Fisk Ventures, LLC v. Segal*, 2008 WL 2721743, at *1 (Del. Ch. July 3, 2008) (noting that "relief under Rule 59 'is available to prevent injustice'—not to offer a forum for disgruntled litigants to recast their losing arguments with new rhetoric") (quoting *Sutherland v. Sutherland*, 968 A.2d 1027, 1028 (Del. Ch. 2008)).

[8] *Adams v. Calvarese Farms Maint. Corp.*, 2011 WL 383862, at *1 n.3 (Del. Ch. Jan 13, 2011) (citing *In re William Lyon Homes S'holder Litig.*, 2007 WL 270428, at *1 (Del. Ch. Jan. 18, 2007)).

[9] *Cantor Fitzgerald, L.P. v. Cantor*, 2001 WL 536911, at *2 (Del. Ch. May 11, 2001) (quoting *Daniel D. Rappa, Inc. v. Hanson*, 209 A.2d 163, 166 (Del. 1965)); *see also Ross Sys. Corp. v. Ross*, 1994 WL 198718, at *2 (Del. Ch. May 9, 1994).

## C. Rule 59(f): Reargument

To prevail on a motion for reargument under Rule 59(f), the moving party must demonstrate either that the court overlooked a decision or principle of law that would have controlling effect or that the court misapprehended the facts or the law such that the outcome of the decision would be different.[10] To justify reargument, a misapprehension of the facts or the law must be both material and outcome-determinative of the earlier decision.[11] Mere disagreement with the Court's resolution of a matter is not sufficient, and the Court will deny a motion for reargument that does no more than restate a party's prior arguments.[12]

Courts generally will not consider new evidence on a motion for reargument. Reargument under Rule 59(f) "is only available to re-examine the existing record."[13] In appropriate circumstances, however, a litigant may seek reargument based on

---

[10] *See, e.g.*, *Preferred Invs., Inc. v. T&H Bail Bonds*, 2013 WL 6123176, at *4 (Del. Ch. Nov. 21, 2013); *Medek v. Medek*, 2009 WL 2225994, at *1 (Del. Ch. July 27, 2009); *Reserves Dev. LLC v. Severn Sav. Bank, FSB*, 2007 WL 4644708, at *1 (Del. Ch. Dec. 31, 2007).

[11] *See, e.g.*, *Preferred Invs.*, 2013 WL 6123176, at *4; *Aizupitis v. Atkins*, 2010 WL 318264, at *1 (Del. Ch. Jan. 27, 2010); *Medek*, 2009 WL 2225994, at *1.

[12] *See, e.g.*, *Preferred Invs.*, 2013 WL 6123176, at *4; *In re Mobilactive Media, LLC*, 2013 WL 1900997, at *1 (Del. Ch. May 8, 2013); *Brown v. Wiltbank*, 2012 WL 5503832, at *1 (Del. Ch. Nov. 14, 2012).

[13] *Reserves Dev. LLC*, 2007 WL 4644708, at *1.

newly discovered evidence.[14]  "To succeed on such a basis, an applicant must show the newly discovered evidence came to his knowledge since the trial and could not, in the exercise of reasonable diligence, have been discovered for use at the trial."[15]

### D. Rule 15(b): Amending the Pleadings

Rule 15(b) allows amendment of the pleadings to conform to issues "tried by express or implied consent of the parties."[16]  "The primary consideration in determining whether to grant leave to amend under Rule 15(b) is prejudice to the opposing party."[17]  "The purpose of Rule 15(b) is 'to encourage the disposition of litigation on its merits,' and the 'decision to permit or deny an amendment is left to the discretion of the trial judge.'"[18]  Assertion of entirely new claims via such a

---

[14]  *See In re Mobilactive Media,* 2013 WL 1900997, at *1; *Reserves Dev. LLC*, 2007 WL 4644708, at *1.

[15]  *Reserves Dev. LLC*, 2007 WL 4644708, at *1.

[16]  Ct. Ch. R. 15(b).

[17]  *Those Certain Underwriters at Lloyd's, London v. Nat'l Installment Ins. Servs., Inc.*, 2008 WL 2133417, at *10 (Del. Ch. May 21, 2008).

[18]  *Vichi v. Koninklijke Philips Elecs., N.V.*, 85 A.3d 725, 759 (Del. Ch. 2014) (quoting *Grand Ventures, Inc. v. Whaley*, 632 A.2d 63, 72 (Del. 1993)).

motion is disfavored. Rather, motions under Rule 15(b) "'are intended to correct the theory of an existing claim and not to assert new and different claims.'"[19]

## II. Zutrau's Motion

Zutrau advances numerous arguments that arguably come under one or more of the foregoing legal standards, but she does not tie any of those arguments closely to any particular standard. As the following sections show, Zutrau's Motion spends significant time disputing the Court's findings of facts and weighing of the evidence. She has failed, however, to show any manifest injustice or misapprehension of the facts or law such as would entitle her to a new trial or reargument. The Motion also fails to present any cognizable basis for the ultimate relief she seeks: rescission of the reverse stock split and/or dissolution of ICE.[20]

---

[19]     *Those Certain Underwriters at Lloyd's*, 2008 WL 2133417, at *11 (quoting *Pickwick Entm't, Inc. v. Theiringer*, 898 F. Supp. 75, 78 (D. Conn. 1995)).

[20]     Pl.'s Br. 57. The Court previously addressed Zutrau's requested remedy and found damages to be more equitable and appropriate in this case than rescission. Opinion at *40. After trial, I denied Zutrau's request for dissolution, because she failed to show that any of the factors relevant to that issue supported dissolution. *Id.* at *40 n.374.

### A. The Motion Does Not Support Altering or Amending the Judgment

Defendant challenges the timeliness of Zutrau's Motion under Rule 59(e). In that regard, I note that Zutrau, a non-lawyer, is representing herself.[21] Rule 59(e) requires a motion to alter or amend the judgment be brought "not later than 10 days after entry of judgment."[22] Jansing claims that, because there is no judgment, there can be no motion to alter or amend the judgment. In the alternative, Jansing argues that, if either the Damages Order or the Opinion is deemed to be a judgment, then Zutrau was tardy in filing her Motion and, therefore, it should be denied as untimely. Both the Opinion and the Damages Order were entered on July 31, 2014, and the

---

[21]   There is some question as to whether Zutrau should receive the usual deference given to *pro se* plaintiffs, because she voluntarily assumed that status by discharging her counsel the day before the deadline to submit objections to Defendant's revised damage calculations. Additionally, the quality and extent of the briefing—including the admirably high degree of BlueBooking precision in the citations—strongly suggests that an attorney assisted Zutrau in preparing her submissions or that she has received at least some legal training. Regardless, I have accorded Zutrau the usual accommodations this Court grants to self-represented litigants. Finally, based on my disposition of this Motion and in the interest of finality, I consider it unnecessary to address the additional complications presented by the fact that Zutrau is proceeding *pro se* to seek reargument, or to alter or amend a judgment, or to obtain a new trial, as to virtually all of her claims, some of which are derivative. I simply note the usual rule that a Plaintiff cannot litigate derivative claims *pro se*. *Kelly v. Fuqi Int'l, Inc.*, 2013 WL 135666, at *7 (Del. Ch. Jan. 2, 2013).

[22]   Ct. Ch. R. 59(e).

deadline for Zutrau to file any objections to the Defendant's revised damages calculations was August 28. Zutrau filed her Motion on September 8. That is outside the time limit under Rule 59(e), as computed under Court of Chancery Rule 6(a), based on either the Opinion or the Damages Order, but not if based on the August 28 date. In response, however, Zutrau argues that, if anything, her Motion is too early.[23] Reading Rule 59(e) in a manner most favorable to Zutrau as a self-represented party, I find the procedural status of this action sufficiently murky to warrant treating her Motion, whatever its technical nature, as being timely. Thus, I will consider the Motion on its merits.[24]

In moving to alter or amend the judgment, Zutrau has not cited any intervening change in controlling law. Furthermore, although she now states in an affidavit to her Motion that maintaining a relationship with Jansing was a condition of the ICE equity grant, Zutrau has not pointed to any *new* evidence that was not previously available.

---

[23] "The plain language of Rule 59(e) sets forth the outer time limits governing the filing of a motion under this rule, but is silent as to whether a judgment must be entered before filing." Pl.'s Reply 3.

[24] Defendant correctly argues that Rule 6(b) prevents the Court from enlarging the time frame in which to file a motion under Rule 59(e). Def.'s Opp'n Br. 13. In this case, however, the Court is not expanding the time in which to file a Rule 59(e) motion, because no final judgment has been entered to date. Indeed, as evidence of the lack of a final judgment, I note that Jansing seeks to preclude Zutrau from contesting the still-pending revised damages calculations.

Indeed, by Zutrau's own admission, she and her attorneys knew about the evidence upon which this new argument is based before trial began.[25] The only other way Plaintiff could demonstrate a basis for relief under Rule 59(e) would be by showing "'the need to correct a clear error of law or to prevent manifest injustice.'"[26]

While Zutrau disputes numerous aspects of the legal analysis in the Opinion, she has not shown any clear error of law. In her briefing and at the Argument, however, Zutrau repeatedly asserted that she is the victim of manifest injustice. For instance, the "overall outcome is unjust, as it does not adequately address Jansing's breaches and fraud, it wrongly allows ICE to repurchase Zutrau's stock, and it unfairly values her equity interest."[27] Across dozens of pages, Zutrau fervently argues that Jansing lied, concocted an untrue scheme, and sold the Court on his mistruths.[28] But, neither Zutrau's vehement disagreement with the Court's weighing of the evidence and various factual findings nor her firm belief that the Court

---

[25]     Pl.'s Br. 33 & n.7; Zutrau Aff. ¶ 2.

[26]     *Paron Capital Mgmt.*, 2012 WL 3206410, at *1 (quoting *Adams*, 2011 WL 383862, at *1 n.3).

[27]     Pl.'s Br. 1.

[28]     *E.g.*, Pl.'s Reply 5-6 ("The central matter of Zutrau's Motion is attaining justice amid a mountain of misrepresentations that form the basis for Jansing's defense, which misinformed the Court's Opinion and Order.").

undervalued her ICE equity interest warrant a finding that she has been subjected to a manifest injustice.[29]

### B. The Motion Does Not Satisfy the Standard for a New Trial

Whether to grant a new trial lies in the discretion of this Court. I may grant a new trial "for any of the reasons for which rehearings have heretofore been granted in suits in equity."[30] Without cataloguing all such reasons,[31] our law directs that I exercise my discretion to achieve the end goal of avoiding injustice. With regard to the "new" allegation that Jansing conditioned Zutrau's receipt of equity on her having a relationship with him, Zutrau and her counsel evidently knew about the facts underlying that allegation before trial, but made a tactical decision not to present such evidence at trial. Zutrau may have a bone to pick with her attorneys on that point, but

---

[29] Indeed, as a result of her lawsuit, Zutrau substantially increased the value she will receive for her ICE stock. *Cf. Paron Capital Mgmt.*, 2012 WL 3206410, at *1 (rejecting a party's absence from trial because of financial hardship as grounds for relief under Rule 59's "manifest injustice" standard).

[30] Ct. Ch. R. 59(a).

[31] A relative dearth of case law exists on Rule 59(a). The fact that jury trials are not available in the Court of Chancery might explain why, in this Court, a motion for reargument, for which there is a robust body of law, generally is more common. Regardless of the specific subsection, however, "'the manifest purpose of all Rule 59 motions is to afford the Trial Court an opportunity to correct errors prior to appeal.'" *Cantor Fitzgerald, L.P.*, 2001 WL 536911, at *2 (quoting *Eisenmann Corp. v. General Motors Corp.*, 2000 WL 303310, at *1 (Del. Super. Feb. 24, 2000)).

it does not provide a legitimate basis for retrying this case.  Lawyers serve as agents of their clients; so long as lawyers act within their appropriate discretion, clients are bound by the actions of their attorneys.[32]  As to the rest of the arguments in Plaintiff's briefing, which are addressed more fully below, Zutrau has failed to show that denying her a new trial on any or all of them would work a manifest injustice.[33]

## C.        Treated as a Request for Reargument, the Motion Is Untimely and Fails on the Merits

Despite Zutrau's protestations to the contrary, the Motion effectively is a motion for reargument.[34]  As a motion for reargument, the Motion is clearly untimely

---

[32]     *See Vance v. Irwin*, 619 A.2d 1163, 1165 (Del. 1993) ("[U]nder 'our system of representative litigation, each party must be deemed bound by the acts of his lawyer-agent.'") (quoting *Gebhart v. Ernest DiSabatino & Sons, Inc.*, 264 A.2d 157, 160 (Del. 1970)).

[33]     *See Adams*, 2011 WL 383862, at *1 n.3 (holding that a litigant's "bare assertion that a denial of relief would be 'inconsistent with substantial justice'" does not justify granting a new trial).

[34]     Zutrau cites extensively to the trial record and disputes many of the Court's findings of facts and conclusions of law reflected in the Opinion.  In substance, the Motion simply asserts that the Court got it wrong.  This is a classic motion for reargument position.  Notwithstanding Zutrau's disagreement with that proposition, this Court can consider the Motion under Rule 59(f).  *See, e.g., Adams*, 2011 WL 383862, at *1 n.3 (treating a Rule 59(e) motion as a motion under Rule 59(f) when movant sought reconsideration of the court's factual findings) (citing *Cantor Fitzgerald, L.P.*, 2001 WL 536911, at *2).

and I could deny it solely on that basis.[35]  Even if the Motion were timely, however, it fails on the merits.  To obtain reargument, Zutrau "must show an outcome-determinative overlooking of principle or precedent or else a similarly critical misapprehension of the law or facts."[36]  While Zutrau evinces, at length, her disagreement with the Court's *weighing* of the evidence, she has not identified any material fact or law that was overlooked or misapprehended.

### 1.  The apparently new arguments

Jansing contends that Zutrau improperly raises three new arguments in her Motion: (1) the terms of the reverse stock split were prohibited by the Restricted Stock Agreement ("RSA"); (2) his use of ICE's credit line supported Zutrau's

---

[35]  Rule 59(f) provides that a motion for reargument must be filed within 5 days after the filing of the Court's opinion or the receipt of the Court's decision. Because the Opinion was filed on July 31, 2014, a motion for reargument would have to have been filed by approximately August 7.  Zutrau did not file her Motion until September 8.

I also note that, when viewed as a motion for reargument, the Motion is procedurally improper because it is overly long and includes an unauthorized reply.  Rule 59(f) limits movants to the motion itself; there is no reply. *Deloitte & Touche USA LLP v. Lamela*, 2006 WL 345007, at *1 & n.5 (Del. Ch. Feb. 7, 2006).  Both the letter and the spirit of Rule 59(f) proscribe prolix submissions.  *See* Ct. Ch. R. 59(f) ("A motion for reargument setting forth **briefly and distinctly** the grounds therefor may be served . . . . [A]ny opposing party may serve and file a **short** answer . . . .") (emphasis added).

[36]  *Pontone v. Milso Indus. Corp.*, 2014 WL 4352341, at *2 (Del. Ch. Sept. 3, 2014).

equitable fraud claim; and (3) the alleged relationship between them was important to her claims.[37] To the extent Zutrau seeks to supplement the record regarding, for example, her relationship with Jansing, such an attempt is improper on a motion for reargument absent a showing that the moving party did not learn about the new evidence until after the trial.[38] That is not the situation here as to any of the 'new' evidence proffered by Zutrau; therefore, I will not consider any of that evidence.

To the extent Zutrau is raising new legal arguments now that she, or her attorneys, failed to raise at trial, those new arguments also cannot provide a basis for reargument. "Motions for reargument or alteration of judgment are not the appropriate method for a party to raise new arguments that it failed to present in a timely way."[39] The RSA argument falls squarely within this category. Zutrau asserts for the first time in her Opening Brief that Section 3(b) of the RSA trumps Section 9(b) and, thus, the reverse stock split violated the RSA. While both Sections 3(b) and 9(b) were mentioned in either the pre- or post-trial briefing, the parties addressed

---

[37]   Def.'s Opp'n Br. 20-22.

[38]   *See Pontone*, 2014 WL 4352341, at *5-6 (discussing the limited circumstances in which the record may be supplemented on a motion for reargument).

[39]   *Anvil Hldg. Corp. v. Iron Acq. Co.*, 2013 WL 4447840, at *3 (Del. Ch. Aug. 16, 2013).

them in completely different contexts. Rule 59 is designed to provide an opportunity for parties and the trial court efficiently to correct errors related to the trial without needing to appeal every mistake.[40] If Zutrau wanted to raise this argument, she could and should have done so before trial or, at least, in connection with the trial. Having failed to do so, she is not entitled now to a second bite at the apple.

## 2. Disagreements with the Opinion

Beyond the new arguments, Zutrau advances at least ten other grounds for reargument, several of which include sub-arguments. Most of these arguments simply dispute the Court's weighing of the evidence or crediting of certain disputed testimony; none of them satisfy the standard under Rule 59(f). Without addressing in detail every argument raised in the briefing, I discuss the most important ones below. Zutrau devotes a significant portion of the briefing to her contentions that Jansing is a liar and that the Court incorrectly credited his testimony.[41] I reject those arguments out of hand. Weighing the credibility of testimony is the Court's responsibility.

---

[40]  *See supra* note 31.

[41]  Def.'s Opp'n 14 n.7 (cataloguing instances in her Opening Brief where Zutrau accused Jansing of lying or engaged in what Defendant calls "abusive commentary").

Disagreement with the Court's credibility determinations is not a basis for reargument.[42]

A large portion of Zutrau's Opening Brief objects to the Court's valuation of her ICE stock. She contends, for instance, that the Court should not have relied on the Duff & Phelps valuation report because of a litany of purported flaws. The problem, however, is that Zutrau disputes the Opinion's conclusions without showing that the Court *overlooked* some determinative fact or principle of law. In the Opinion, for example, the Court discussed at length what Zutrau argues were Jansing's profit-suppression techniques,[43] including his compensation,[44] and considered whether the Duff & Phelps report should have accounted for ICE's value to third-party acquirers.[45]

Zutrau next theorizes that this Court's power to dissolve ICE, if necessary, may have motivated Jansing to stipulate to Zutrau's continued "derivative standing." To

---

[42]    *See PharmAthene, Inc. v. SIGA Techs., Inc.*, 2011 WL 6392906, at *4 (Del. Ch. Dec. 16, 2011) ("As the trier of fact, the Court evaluates testimony, weighs credibility, and determines what inferences to draw from the evidence adduced at trial.").

[43]    Opinion at *18-31.

[44]    *Id.* at *22-26.

[45]    *Id.* at *38.

the extent this argument tangentially challenges my finding in the Opinion that Jansing's purpose in the reverse stock split was not to deprive Zutrau of derivative standing, it is unpersuasive. The Opinion thoroughly addressed Jansing's motives.[46] Because this fear-of-dissolution argument was not presented in connection with the trial, it does not provide a proper basis for reargument.

Zutrau contends that the Court erred in rejecting her equitable fraud claim on a number of grounds. First, she denies that that claim was an impermissible bootstrap of the claims she asserted in a related lawsuit in New York. This argument, however, is neither material nor outcome-determinative because, even though the Opinion found that the equitable fraud claim probably was a bootstrap, it dismissed that claim on the merits based on Plaintiff's failure to prove the elements of such a claim.[47] Second, Zutrau asserts that Jansing's promises did not relate solely to future conduct. But, this is merely a rehash of arguments this Court previously rejected.[48] Third, Zutrau contends that my finding that Jansing breached his fiduciary duty in relation to

---

[46] *Id.* at *34-35.

[47] *Id.* at *15.

[48] *Id.* at *16.

the ICE Credit Line[49] supports a finding of fraud. In that regard, she complains that the Court "reduced Jansing's breach of his duty of loyalty to a minor infraction."[50] Once again, however, this argument does not suggest that the Court misapprehended either the relevant facts or law in any material way. Rather, Zutrau conflates the legal theories of breach of the duty of loyalty and equitable fraud, and asserts that the Court should penalize Jansing more by granting a larger monetary award. None of these contentions justify reargument.

Finally, Zutrau argues that the Court overlooked the fact that the RSA does not contain an anti-reliance clause. This argument, as I understand it, focuses on the relationship between the rulings in the related litigation in New York and the Opinion. The Opinion, however, did *not* hold that the New York litigation precluded Zutrau's equitable fraud claim. As noted, even after observing that the equitable fraud claim probably was an impermissible bootstrap on Zutrau's breach of contract claims in New York, the Opinion still addressed Zutrau's equitable fraud claim on the merits and found it lacking.[51] Thus, even if the Court did "overlook" the fact that the

---

[49]    Defined terms, unless otherwise noted here, have the same meaning as in the Opinion.

[50]    Pl.'s Br. 41.

[51]    Opinion at *15-16.

RSA does not have an anti-reliance clause, that oversight would not support reargument because it was not material to the Court's resolution of the equitable fraud claim Zutrau advanced.

Turning next to the fiduciary duty claims, Zutrau argues: (1) Jansing should have replaced her with another skilled treasurer; and (2) the employee bonuses he awarded were a breach of his fiduciary duty. Neither of these arguments satisfies the Rule 59(f) standard. Zutrau made exactly the same arguments previously and I rejected them in the Opinion.[52] There has been no showing that the Court misapprehended a fact or principle of law regarding those arguments such that it would cause the Court to alter its determination.

Lastly, Zutrau asserts that the Court awarded an inadequate remedy. The decision of what remedy to award is part of the broad discretion afforded the trial court to fashion appropriate relief. Here, I considered the equities in this case and determined that monetary damages were appropriate and that rescission was not.[53] When I issued the Opinion, I did not find dissolution to be a proper remedy and

---

[52]     *Id.* at *18-20, *31-32.

[53]     *Id.* at *40.

explained why.[54] Zutrau has advanced no convincing reason for me to alter the relief awarded in the Opinion.[55]

**D.        There Is No Basis to Allow Amendment of the Pleadings Under Rule 15(b)**

Zutrau also requests an opportunity to amend her pleadings under Rule 15(b). The purpose of Rule 15(b) is to conform the pleadings to the evidence. Nothing in the Court's Opinion indicates that the pleadings were inadequate. Nor has Zutrau articulated any basis for concluding that the current pleadings do not conform sufficiently to the matters that were tried. Amendment, therefore, seems unnecessary.

It appears more likely that Zutrau wishes to amend her pleadings to add new arguments or claims, such as a breach of oral contract claim or a revised argument pertaining to the significance of the RSA.[56] Jansing objects that adding new claims not only after trial, but after the Court issued its Opinion, would result in manifest

---

[54]     *Id.* at *40 n.374.

[55]     One way Zutrau potentially could have improved the relief awarded to her in the Opinion would have been to contest Defendant's revised damage calculations, a revision made necessary because Zutrau prevailed on a significant aspect of her case at trial. Zutrau, however, chose to file the Motion instead of complying with the procedures specified in the Damages Order.

[56]     Pl.'s Br. 56; Pl.'s Reply 30.

prejudice to him. I agree.[57] Zutrau counters that the parties already have tried and presented all of the *facts* necessary to her new breach of oral contract claim, and, as a result, Jansing would suffer no prejudice. Presentation of a set of facts does not allow the parties later to advance whatever arguments they want based on those facts. Even assuming that the parties presented the entire universe of facts relevant to the new breach of oral contract claims—which Jansing apparently disputes—Defendant still would be prejudiced. Pleadings are intended to provide fair notice to the opposing party of the legal and factual theories and claims to be litigated. Because Jansing did not have a fair opportunity to challenge Zutrau's new legal theory in connection with the trial, I find that he would be prejudiced materially if I allowed the requested amendment now. Thus, to the extent Rule 15(b) even permits what Zutrau requests, such an amendment would be inappropriate at this late stage.

## III.    CONCLUSION

For the reasons stated in this Letter Opinion, I deny Zutrau's Motion in its entirety. In brief summary: (1) the Motion fails to meet the standard to alter or amend a judgment under Rule 59(e); (2) no showing of manifest injustice has been

---

[57]    *See Those Certain Underwriters at Lloyd's*, 2008 WL 2133417, at *8 (describing a similar situation where the plaintiffs waited until after the post-trial opinion, but before entry of a final judgment to attempt to amend the pleadings, and finding such delay "inexcusable").

made as would warrant a new trial under Rule 59(a); (3) Zutrau failed to satisfy her burden for obtaining reargument under Rule 59(f); and (4) this is not a case in which the requested amendment of the pleadings under Rule 15(b) would be appropriate. Finally, I deny Zutrau's request for a stay of this case so that she may acquire new counsel; she voluntarily terminated her previous counsel at the last possible, and most inconvenient, moment. Those counsel were the second set of attorneys Zutrau has had in this matter. To afford her the opportunity to start again with new counsel at this late date would be prejudicial to Defendant and wasteful of this Court's limited resources.

**IT IS SO ORDERED.**

Sincerely,

*/s/ Donald F. Parsons, Jr.*

Donald F. Parsons, Jr.
Vice Chancellor

DFP/ptp