## IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

SHERRY ANN GILLESPIE,      )
     )   C.A. No. K24C-09-013 RLG
Plaintiff,      )
     )
JOHN CARPER and KRISTINE      )
CARPER,      )
     )
Defendants.      )

Submitted: July 25, 2025
Decided: August 22, 2025[1]

## MEMORANDUM OPINION AND ORDER

***Upon Defendants' Motion to Dismiss Pursuant to Judgment on the Pleadings***
**DENIED**

Dianna E. Stuart, Esquire, Schmittinger & Rodriguez, P.A., Dover, Delaware. *Attorney for Plaintiff.*

Brian T. McNelis, Esquire, Young & McNelis, Dover, Delaware, *Attorney for Defendants.*

**GREEN-STREETT, J.**

---

[1] The transcript from the hearing in this matter was requested by the Court on August 20, 2025, but has not been received as of the date of this decision. To expedite a decision for the involved parties, the Court issued this decision without receipt of the official transcript. Any reference to the oral argument in this decision cites the audio recording through the Delaware State Courts For The Record software.

## I. Introduction

The Court dismissed plaintiff's personal injury lawsuit against a minor driver, which stemmed from an accident between the two. Subsequently, plaintiff initiated new litigation against the minor driver's parents. The parents filed a motion seeking dismissal under Superior Court Civil Rule 12(c). As ambiguity remains as to whether the parents were subject to the release signed by their child, and as their insurance provider failed to comply with the requirements of 18 Del. C. § 3914, the Motion to Dismiss is **DENIED**.

## II. Factual and Procedural Background

Plaintiff Sherry Ann Gillespie and Thomas Carper were involved in a car accident.[2] At the time of the accident, Thomas was a minor child.[3] Ms. Gillespie reached a settlement agreement with Thomas and executed a release agreement.[4] Progressive insured the vehicle Thomas was driving and prepared the release agreement for signature.

The settlement and release agreement notwithstanding, Ms. Gillespie filed a complaint against Thomas, seeking to secure compensation from a second insurance

---

[2] Compl. at 1, D.I. 1 (Sept. 11, 2024).

[3] Id.

[4] See Gillespie v. Carper, 2024 WL 4709937, at *1 (Del. Super. Nov. 7, 2024).

2

policy through State Farm that Ms. Gillespie believed provided insurance coverage for Thomas.[5]  Thomas filed a motion to dismiss that litigation, arguing the release agreement precluded Ms. Gillespie from recovering any additional money from him.[6]  This Court granted that motion and dismissed Ms. Gillespie's case on August 9, 2024.[7]  A written decision further explaining the Court's decision followed on November 7, 2024.[8]

On September 11, 2024 – approximately one month after the Court's oral decision in the litigation between Ms. Gillespie and Thomas – Ms. Gillespie filed a Complaint against Defendants John and Kristine Carper.[9]  John and Kristine Carper are Thomas's parents.  Ms. Gillespie asserts that one or both of the Defendants signed Thomas's license application, rendering them jointly and severally liable for any negligent driving by Thomas under 21 Del. C. § 6104.[10]  Ms. Gillespie posits that the release agreement she signed only released Thomas of liability.[11]  Further,

---

[5] Id.

[6] Id.

[7] Id.

[8] Id.

[9] Compl. at 1.

[10] Id. at 3.

[11] Id.

she contends State Farm – Defendants' insurance provider – failed to comply with the requirements of 18 Del. C. § 3914, tolling any applicable statute of limitations.[12]

Kristine Carper filed her Answer on November 1, 2024.[13] John Carper filed his Answer on January 21, 2025.[14] Defendants jointly filed the instant Motion to Dismiss Pursuant to Judgment on the Pleadings on March 10, 2025.[15] Plaintiff filed her Response on March 20, 2025.[16]

Despite prior litigation surrounding the same car accident – and despite the instant Complaint referencing the release agreement at the center of that litigation – Ms. Gillespie failed to apprise the Court of the connection between the cases.[17] When the Court became aware of the connection, the case was reassigned to this judicial officer on March 31, 2025.[18] The Court scheduled a hearing for the instant

---

[12] Id. at 4.

[13] D.I. 14 (Nov. 11, 2024).

[14] D.I. 38 (Jan. 21, 2025).

[15] D.I. 52 (Mar. 10, 2025).

[16] D.I. 54 (Mar. 20, 2025).

[17] See Case Information Statement, D.I. 2 (Sept. 11, 2024) (this document contains a section asking the plaintiff to "identify any related cases now pending in the Superior Court by caption and civil action number, including the judge's initials." As the written decision in the prior litigation had not been published, that litigation was still pending as of September 11, 2024).

[18] D.I. 58 (Mar. 31, 2025).

motion on May 9, 2025.[19]  At defense counsel's request, the Court rescheduled the

hearing to July 25, 2025.[20]

## III.   <u>Standard of Review</u>

Superior Court Civil Rule 12(c) permits this Court to dismiss a case based on

the pleadings before it.  "If, on a motion for judgment on the pleadings, matters

outside the pleadings are presented to and not excluded by the Court," the Court may

convert the motion to a motion for summary judgment under Superior Court Civil

Rule 56.[21]  In that instance, "all parties shall be given reasonable opportunity to

present all material made pertinent to such a motion by Rule 56."[22]  "This Court

grants a motion for judgment on the pleadings 'only when no material issues of fact

exists and the movant is entitled to judgment as a matter of law.'"[23]  "The Court

reviews all facts and reasonable inferences in the light most favorable to the non-

moving party."[24]

---

[19] D.I. 59 (Apr. 7, 2025).

[20] D.I. 60 (Apr. 8, 2025) (defense counsel's request for the hearing to be rescheduled); D.I. 62 (Apr. 11, 2025) (the Court's Order rescheduling the hearing).

[21] Superior Court Civil Rule 12(c).

[22] <u>Id</u>.

[23] <u>Gillespie</u>, 2024 WL 4709937, at *2 (Del. Super. Nov. 7, 2024) (quoting <u>Davis v. Tristar Claims Mgmt. Servs., Inc.</u>, 2024 WL 885440, at *2 (Del. Super. Feb. 29, 2024)).

[24] <u>Id</u>. (citing <u>Davis</u>, 2024 WL 885440, at *2).

5

## IV. Analysis

### A. The statute of limitations must be tolled because State Farm failed to comply with 18 Del. C. § 3914

18 Del. C. § 3914 provides, "[a]n insurer shall be required during the pendency of any claim received pursuant to a casualty insurance policy to give prompt and timely written notice to claimant informing claimant of the applicable state statute of limitations regarding action for his or her damages." "In the absence of affirmative action by an insurer providing written notice to a claimant, the applicable statute of limitations is tolled for the benefit of the claimant."[25] Although she filed her Complaint outside the two-year statute of limitations required by 10 Del. C. § 8119, Ms. Gillespie contends State Farm never took the "affirmative action" required under § 3914.[26] Thus, she argues the statute of limitations does not bar her claim.[27]

Defendants counter that "the Legislative Intent of Notice to the Plaintiff has been satisfied."[28] They posit that both Ms. Gillespie and Plaintiff's Counsel were aware of the two-year statute of limitations.[29] As evidence of that awareness,

---

[25] Vance v. Irwin, 619 A.2d 1163, 1165 (Del. 1993).

[26] Compl. at 2.

[27] Id.

[28] Mot. to Dismiss at 5.

[29] Id.

6

Defendants highlight Ms. Gillespie's decision to file her complaint against Thomas three days before the expiration of the statute of limitations – but not to file a complaint against Defendants.[30] Defendants theorize that Ms. Gillespie filed the instant litigation as a way to revisit the litigation previously dismissed by this Court against Thomas.[31]

Absent from Defendants' response or argument is any indication that State Farm provided written notice of the applicable statute of limitations to either Ms. Gillespie or her attorney. Defendants contend that, because Ms. Gillespie and her attorney possessed actual knowledge of the statute of limitations, State Farm complied with the spirit of § 3914.[32] The case Defendants cite in support of that contention, however, does not support their argument.

In Vance v. Irwin, the Delaware Supreme Court held that an insurance carrier could satisfy the notice requirements of § 3914 by providing notice to the plaintiff's attorney.[33] The Vance court held:

> The statute is deemed remedial legislation to be given a broad interpretation for the benefits of claimants. In the absence of affirmative action by an insurer providing written notice to a claimant, the applicable statute of

---

[30] Id.

[31] Id.

[32] Id. at 6.

[33] Vance, 619 A.2d at 1165.

7

limitations is tolled for the benefit of the claimant… While we agree that, in the abstract, notice by an insurer to an attorney of the applicable statute of limitations may appear unnecessary, it must be remembered that § 3914 is an insurance industry regulatory measure. Although the statute is intended to benefit claimants, it must be fairly applied to those who are subject to its notice requirement. The issue here is not whether Vance's counsel was aware of the statute of limitations[,] but whether the insurer was entitled, under accepted principles of agency law, to discharge its statutory duty by communicating with the claimant through her chosen counsel.[34]

Given the agency relationship between a plaintiff and her attorney, the <u>Vance</u> court concluded that an insurance provider could fulfill its obligation under § 3914 by providing notice of the statute of limitations to the plaintiff's attorney.[35] That conclusion did not relieve the insurance provider of the obligation to notify the plaintiff – or her attorney – even if the insurance provider knew the plaintiff's attorney possessed actual notice of the statute of limitations.[36] Rather, the <u>Vance</u> court highlighted the "remedial purpose" of § 3914 and reiterated that an insurance provider must take the affirmative step of providing notice of the statute of limitations to either the plaintiff or her attorney.[37]

---

[34] <u>Id</u>. at 1164-65.

[35] <u>Id</u>. at 1165.

[36] <u>Id</u>.

[37] <u>Id</u>.

Defendants do not dispute that State Farm failed to provide written notice of the applicable statute of limitations to Ms. Gillespie or her attorney. Their contention that Ms. Gillespie and her attorney possessed actual notice of the statute of limitations because of prior litigation, thus relieving State Farm of any notice obligation, stands inapposite to the decisional law that guides this Court's interpretation of § 3914. State Farm did not comply with § 3914. Accordingly, the statute of limitations pertaining to Ms. Gillespie's claim must be tolled. Her claim is not barred by the applicable statute of limitations.

### B. Defendants have not shown the release agreement clearly and unambiguously applies to them

Defendants next argue that Ms. Gillespie signed a release agreement as part of her settlement agreement with Thomas that releases Defendants from any liability.[38] Defendants were not parties to the release agreement, and are not mentioned by name in the text of the release agreement.[39] Defendants characterize the release agreement as a "General Release," and posit that its "clear and unambiguous language" applies to bar the instant litigation.[40] Ms. Gillespie asserts

---

[38] Mot. to Dismiss at 3-4.

[39] Mot. to Dismiss Ex. 1 (the release agreement).

[40] Mot. to Dismiss at 3-4.

that the language in the release agreement does not apply to Defendants unambiguously.[41]

"[For] a release to protect a third party as a matter of law, the language of the release must be crystal clear and unambiguous in its inclusion of that person among the parties released."[42] The release agreement explicitly names only four parties: Ms. Gillespie; Thomas Carper; Shondell V Graqlulich; and Progressive Direct Insurance Company.[43] As Defendants are not named in the release agreement, they stand as third parties. Therefore, they are only entitled to release protection if their inclusion in the release agreement reads as "crystal clear and unambiguous."[44]

The third numbered paragraph of the release agreement reads, in part, "this settlement agreement is intended to foreclose Released Parties' responsibility for future or further payments of any medical expenses … or any other damages[,] however characterized[,] related to the subject accident."[45] That language indicates an intent to apply the protection granted by the release agreement only to those

---

[41] Resp. at 2-3.

[42] Rochen v. Huang, 1989 WL 5374, at *1 (Del. Super. Jan. 4, 1989) (citing Chakov v. Outboard Marine Corp., 429 A.2d 984, 985 (Del. 1981)).

[43] Release agreement at 1.

[44] Rochen, 1989 WL 5374, at *1.

[45] Release agreement at 1.

parties that fit within the "Released Parties."[46]   The release agreement defines "Released Parties" as:  "Shondell V Graqlulich and Thomas Carper and Progressive Direct Insurance Company, their respective personal or other representatives, successors, assigns, affiliated companies, associates, heirs, executors[,] and administrators."[47]  Defendants are not listed among the "Released Parties."[48]

Based on the record currently before the Court – and drawing all inferences in favor of Ms. Gillespie as required at this stage of the litigation – Defendants have not shown the release agreement protects them.  Contrary to Defendants' assertion that the release agreement constitutes a general release, the language in the release agreement expresses the intent to protect only the "Released Parties."  To the extent Defendants argue they should be unambiguously categorized as "personal or other representatives, successors, assigns, affiliated companies, associates, heirs, executors[,] [or] administrators" of any of the named parties, Delaware courts have rejected that argument unless coupled with evidence that the parties to the release agreement intended to include those third parties.[49]

---

[46] Id.

[47] Id.

[48] Id.

[49] Alston v. Alexander, 2011 WL 5335289, at *4 (Del. Super. Nov. 1, 2011) (holding that the defendant's argument that she was literally included in the phrase "any person" included in the release agreement did not indicate an intent by the releasor to include her in the release agreement); Chakov, 429 A.2d 984 at 985 (examining the intent of the parties to determine whether the plaintiff

11

"[T]he Court will only enforce contractual terms according to their broadest significance if the undisputed facts show a manifested intent by the parties to release such a broad swath."[50] The release agreement includes language that expressly declares the intent to release only the "Released Parties." Accordingly, this Court cannot enforce the terms of the release agreement "to their broadest significance." At the motion to dismiss stage, Defendants bear the burden of demonstrating the release agreement unambiguously applies to them. Merely asserting the release agreement constitutes a "general release" does not carry that burden.

During oral argument, Defendants contended paragraph six of the release agreement – which provides, "[r]eleasors abandon any and all causes of action growing out of this accident, casualty, or event and authorize a dismissal with prejudice of any such action" – renders the release "general" such that Defendants cannot be sued.[51] Ms. Gillespie responded paragraph six should only be applied to the individuals identified as released parties.[52] Reading paragraph six in conjunction

intended the release to be a "full and final settlement" applicable to all tortfeasors); Rochen, 1989 WL 5374, at *2 (finding the question of the parties' intent to include an unnamed third party must go to the trier of fact); Balinski v. Baker, 2013 WL 4521199, at *5 (Del. Super. Aug. 22, 2013) (declining to extend the language "all other persons" to include an unnamed third party).

[50] Alston, 2011 WL 5335289, at *4.

[51] Audio Recording of Oral Argument at 12:03:30 (July 25, 2025) (Accessed through For The Record – Delaware State Courts).\

[52] Id. at 12:16:17.

with the rest of the release agreement, and in a light most favorable to Ms. Gillespie, reveals ambiguity exists. Specifically, it remains unclear whether paragraph six intended to release the entire universe of potential causes of action relating to the car accident, or whether it only intended to release the identified released parties from "any and all causes of action." At this stage, any ambiguity in the release agreement requires Defendants' Motion to Dismiss be denied.

## V.      Conclusion

Defendants' insurance carrier failed to conform with § 3914. Accordingly, the statute of limitations is tolled and does not bar Ms. Gillespie's claim. Defendants were not a party to any release agreement signed by Ms. Gillespie. Defendants have not shown that the release agreement unambiguously releases them from liability. Defendants' Motion to Dismiss Pursuant to Judgment on the Pleadings is **DENIED**.

**IT IS SO ORDERED.**

Reneta L. Green-Streett, Judge